[Department Two—May 14, 1883.]

## IN THE MATTER OF THE ESTATE OF FRANCISCO PALOMARES, DECEASED, A. BRISWALTER, APPELLANT.

ADMINISTRATION—SETTING APART PROPERTY FOR MINOR CHILDREN—DECREE—NOTICE.—Upon proper application the lower court made a decree setting apart certain property appraised at fourteen hundred and forty dollars, for the use and benefit of minor children. It appeared from the inventory that the whole estate did not exceed fifteen hundred dollars. The decree recited that notice had been given of the hearing of the petition as directed by a previous order of the court, that testimony was taken, and that the widow had consented. Afterwards, Briswalter, a creditor, filed a petition asking that the decree be set aside, alleging that no publication of notice to creditors had been given, that the proceedings were taken to defraud and hinder the creditors of deceased, that the proper notice had not been given, and that the property was of far greater value than fifteen hundred dollars. The court denied the prayer of the petitioner. *Held*, (1) that notice to general creditors was not necessary; (2) that the proceedings being regular, and the court having found that proper notice by posting had been given, and that the value of the estate did not exceed fifteen hundred dollars, its judgment cannot be interfered with.

APPEAL from an order of the Superior Court of Los Angeles County, refusing to vacate a decree setting apart certain property for the use and benefit of minor children.

Andres Briswalter, the appellant, was a judgment creditor of the deceased. The remaining facts sufficiently appear in the opinion of the court.

*Glassell, Smith & Patton,* for Appellant.

*F. H. Howard,* for Respondent.

MYRICK, J.—The deceased died intestate, leaving him surviving, a widow and four minor children. Letters of administra-

tion were regularly issued, and appraisers duly appointed.    An inventory and an appraisement were duly made and returned on the 14th of February, 1882, with the affidavits required by the Code, from which it appeared that the estate of the deceased consisted of a piece of land of the value of $1,440.    On the 17th of February, 1882, the administrator presented and filed a petition, stating the above facts, and that the widow had property of her own, and did not require any allowance, and asking that the whole of the property, after paying the expenses of the last illness, funeral charges, and expenses of administration, be assigned for the use and support of the minor children.    The court by its order of February 17th, set the hearing of the petition for February 28, 1882, and directed notice to be given by posting in three public places.    On the 28th of February the court made a decree assigning the whole of the property for the use and support of the minor children.    This decree recites the facts above stated; also, that due notice of the hearing had been given as required by the previous order, that testimony was taken, and that the widow had consented that the property be set apart to the children.    July 12, 1882, the appellant, Briswalter, filed a petition that the decree of February 28th be set aside, alleging that no publication of notice to creditors had been given; that the proceedings to have the property set apart were taken for the purpose of hindering, delaying, and defrauding the creditors of deceased; that no notice was given of the proceedings beyond posting notices at the county clerk's office, at the county tax collector's office, and at the outer door of the court-room of the court, all of which places were in one building known as the court-house building; that the petitioner knew nothing of the proceedings until long after the order was made; and that the property was of far greater value than $1,500.    On the hearing of this petition affidavits were read on the part of petitioner stating the value of the land to be far in excess of $1,500, and on the part of the respondents stating the value to be less than $1,500, and the court denied the prayer of the petition. From this order of denial the petitioner appealed.

For the decision of this appeal it is necessary only to say that no notice to general creditors was required to be given; and that the proceedings appear to have been regular.    According to sec-

tion 1469 of the Code of Civil Procedure, if, on the return of the inventory, it shall appear *therefrom* that the value of the whole estate does not exceed $1,500, if there be a widow or children, or both, notice is to be given by posting or otherwise, as the court or judge may direct; and if, on the hearing, the court finds the value not to exceed $1,500, it shall, by decree, assign for the use and support of the widow and children the whole of the estate, after the payment of the expenses of the last illness, funeral charges, and expenses of administration, and there must be no further proceedings in the administration unless further estate be discovered. In this case it does appear *from the inventory* that the value of the whole estate did not exceed $1,500, and on the hearing the court found that notice had been given as required (thereby determining, as it had the right to do, that the places of posting were three public places in the county), and after hearing evidence found that the value of the property did not exceed $1,500. Admitting that the court below could, if it had been imposed upon by a false inventory and appraisement, or by false testimony on the hearing, have set aside the decree of February 28th, we see no ground for doubting the correctness of the ruling in this case. The proceedings appear to have been regular and according to law. The statute has confided to the appraisers in the first instance, and to the court in the second instance, the duty of ascertaining and fixing the value; and the reasonable and proper exercise of their judgment cannot be interfered with.

Order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.