[S. F. No. 939. Department One.—September 8, 1897.]

In the Matter of the Estate of NANNIE E. LESLIE, Deceased.

ESTATES OF DECEASED PERSONS—SEPARATE ESTATE OF DECEASED WIFE— ORDER SETTING APART TO MINOR CHILDREN—CONSTRUCTION OF CODE.— Section 1469 of the Code of Civil Procedure, providing that an estate in value not exceeding fifteen hundred dollars shall be set apart for the use of the minor children, if there be no widow, applies to the separate estate of a deceased wife, and covers all property where the estate does not exceed in value that sum, whether the property be community or separate.

APPEAL from an order of the Superior Court of the City and County of San Francisco, assigning the whole separate estate of a deceased wife, appraised at eleven hundred and twenty-five dollars and thirty-five cents to the minor children, to the exclusion of the husband. Charles W. Slack, Judge.

The appeal was taken by the husband of the deceased wife. The facts are stated in the opinion of the court.

William J. Herrin, for Appellant.

The legislature had in view only community property, in the provision for setting apart an estate of small value, a widower not being mentioned, because the entire community property vests in him upon death of the wife. (Code Civ. Proc., sec. 1469.) But the provision for the support of the "family" should apply, if the section applies at all to this case; and the husband must be included as one of the family. (*Phelan v. Smith,* 100 Cal. 170.)

Albert C. Aiken, for Respondent.

The purpose of the statute was to save small estates from administration, and should be liberally construed to effect that purpose. (Notes of Code Commissioners, Code Civ. Proc., ed. 1872, sec. 1469.) The use of the word "family" does not give the husband a right in a small estate of the wife; as the husband is excluded by the subsequent specifications of "widow" and "minor children."

GAROUTTE, J.—In his brief appellant states that the sole question presented by this appeal is, Does section 1469 of the

Code of Civil Procedure apply to the separate estate of the wife? We see no reason why the provisions of that section do not apply to the separate property of both the wife and husband equally with the community property. The section is broad in its terms, and in no way is it there indicated that community property only was in the mind of the legislature when this law was enacted. It refers in terms to the estate of any deceased person. There is no more reason why a small separate estate of the deceased husband or wife should not be set apart to the minor children than there is why an estate of community property should not be set apart. The same object and purpose is subserved in both cases. The reasons for taking the estate out of administration, and setting it aside to the minor children, are the same whatever may be the technical character of the property belonging to the estate. We conclude that the statute covers all property, whether community or separate.

Judgment affirmed.

Harrison, J., and Van Fleet, J., concurred.