[Sac. No. 603.　Department One.—January 3, 1900.]

In the Matter of the Estate of BENJAMIN E. ATWOOD, Deceased. ITUREA ATWOOD HICKS, Appellant, v. H. B. SANDERS, Respondent.

Estates of Deceased Persons—Property Less than Fifteen Hundred Dollars—Rights of Widow—Revocation of Letters—Notice to Creditors—Maxim.—A widow, who is administratrix of her deceased husband, cannot have her letters revoked for failing to give notice to creditors for more than two months after her appointment, under section 1511 of the Code of Civil Procedure, where both her petition for letters and the return of the inventory and appraisement show that the entire property of the estate is of less value than fifteen hundred dollars. In such case the widow, if there are no children, is entitled to have the whole estate set apart to her under section 1469 of the same code, without any further proceedings in the administration; and no notice to creditors is necessary.

Id.—Petition to Revoke Letters by Persons not Interested.—The law does not permit persons not interested to invoke the machinery of the courts; and a sister and niece of the decedent, who can have no interest in an estate which the widow is en-

titled to have set apart to her, cannot authorize a person not interested in any manner in the estate to file a petition to revoke letters of administration granted to the widow.

APPEAL from an order of the Superior Court of Glenn County removing an administratrix and appointing an administrator in her stead. Frank Moody, Judge.

The facts are stated in the opinion.

Charles L. Donohoe, for Appellant.

Seth Millington, for Respondent.

COOPER, C.—Appeal from an order removing appellant as administratrix and appointing respondent as administrator in her stead. Deceased died December 7, 1894, leaving surviving him his wife, Iturea Atwood, but no children.

On the eighth day of February, 1897, the superior court, upon proper petition, duly made an order appointing the said Iturea Atwood administratrix of the estate of deceased, and she thereupon qualified and letters of administration were issued to her. Thereafter the administratrix procured the appointment of appraisers, and on the twenty-third day of June, 1897, an inventory and appraisement was duly returned and filed, which showed the entire estate to be community property and of the value of three hundred and ninety dollars. On the 18th of October, 1897, one H. B. Sanders, the respondent herein, at the written request of a sister and also of a niece of deceased, filed a petition asking to have the letters of administration issued to said Iturea Atwood revoked solely upon the ground that she had failed and neglected for more than two months to have notice to creditors published as required by statute, and further asking that petitioner Sanders be appointed administrator of said estate. This petition did not show or attempt to show that the petitioner, or anyone whom he represented, was a creditor of deceased; neither did it show that the said property was not community property. It stated the value of the estate to be less than fifteen hundred dollars, to wit, six hundred and fifty dollars. On the fourteenth day of February, 1898, before any citation had been ordered, issued, or served on the said petitioner, the said administratrix applied to the court for an

order directing proper publication of notice to creditors, and the court then and there refused to make the order. Thereafter, the respondent asked for and procured a citation, upon his petition, directing the appellant to show cause on the eighteenth day of April why her letters should not be revoked and respondent appointed administrator. On the day fixed in the citation the appellant filed her answer to the petition. The court proceeded to hear the evidence, documentary and otherwise, but the record does not show the date the said matter was heard. It does appear, however, that at the time of the hearing the notice to creditors had been published, because the record shows that the affidavit of the publishers of the "Orland News" was introduced in evidence, which showed that the notice to creditors was published in said paper in its "weekly issues of March 31, April 7, 14, and 21, 1898." On June 6, 1898, the court, after the publication of notice to creditors had been so made by appellant, made an order revoking the letters of appellant and directing that letters of administration issue to respondent. This order was made without any proof that respondent had posted notices or given any notice whatever of his application, except that given by the service of citation upon respondent. As we think the court erred in revoking the letters of appellant, and as no letters could issue to respondent until the letters of appellant had been revoked, it is not necessary here to discuss the question as to whether letters could be issued to respondent without giving the usual notice of his application as prescribed by statute. The court below evidently, without considering any other section of the code, regarded section 1511 of the Code of Civil Procedure as mandatory. The section reads: "If an executor or administrator neglects, for two months after his appointment, to give notice to creditors, as prescribed by this chapter, the court must revoke his letters and appoint some other person in his stead, equally or the next in order entitled to the appointment."

We think the section should be read and construed with section 1469 of the Code of Civil Procedure, which provides that if, upon the return of the inventory of the estate of a deceased person, it shall appear therefrom that the value of the whole of the estate does not exceed the sum of fifteen hundred dollars,

the court shall, after giving notice and upon hearing, if it finds the value of the estate does not exceed fifteen hundred dollars, "assign to the widow of deceased, if there be a widow, . . . . the whole of the estate . . . . and there must be no further proceedings in the administration unless further estate be discovered." In this case it not only appears from the inventory but from the petition upon which the court acted that the estate does not exceed fifteen hundred dollars. The widow is, therefore, entitled to the whole of the estate, and petitioners have no interest whatever in it. After the estate is set apart "there shall be no further proceedings in the administration." Evidently, notice to creditors is a proceeding in the administration, and therefore the statute is express that such notice must not be given after the estate is so set apart to the widow. It is true in this case that the estate had not been so set apart, but as the widow was and is entitled to have it set apart, and this regardless of the time that has elapsed, we cannot see any possible good that would be accomplished by publishing notice to creditors. The law does not require vain things. Neither does it allow parties to come into court and put the machinery of the law in motion in matters in which they have no possible interest.

In *Estate of Palomares*, 63 Cal. 402, it appeared from the inventory that the whole of the estate did not exceed fifteen hundred dollars. After notice, as directed by the statute, and on the twenty-eighth day of February, 1882, the court set apart the whole of the property for the support of the minor children. On July 12, 1882, one Briswalter, a creditor, filed a petition asking that the order of February 28th be set aside upon the ground, among others, that no notice to creditors had been given at the time said order was made. The lower court denied the prayer of the petition and this court affirmed the order. In the opinion it is said: "For the decision of this appeal it is necessary only to say that no notice to general creditors was required to be given."

It clearly appears in this case that the widow is entitled to all the estate. There is no necessity for further administration. The appointment of another administrator and the publication of notice to creditors could have no possible effect except to

diminish and help to eat up the very small pittance left to the widow by the deceased. It could not possibly benefit creditors. Then why should notice be given to them? The cost of publication, the commissions of the administrator and the fee of his attorney would have to be paid out of the widow's mite. It might benefit the administrator, his attorney, and the publisher of a newspaper, but the object of the law is to protect the widow and minor children and not to pay out of the estate useless expenses to persons in no way interested in the estate except to the extent they may be able to get money out of it.

The order should be reversed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.                    Garoutte, J., Van Dyke, J., Harrison, J.