[S. F. No. 3207.   Department Two.—May 1, 1903.]

In the Matter of the Estate of AMOS L. NEFF, Deceased.
    FRANCIS McGINNIS et al., Appellants, v. HANNAH
    NEFF, Respondent.

ESTATES OF DECEASED PERSONS—SETTING APART ESTATE TO WIDOW—
    HOMESTEAD UPON SEPARATE PROPERTY OF HUSBAND.—Where the
    value of the estate of a deceased husband is less than fifteen hundred
    dollars, it is proper for the court to set apart the entire estate,
    without further administration, to the widow, pursuant to section
    1469 of the Code of Civil Procedure, notwithstanding the widow
    has claimed a homestead upon the separate property of the husband,
    he not joining therein.  The court, in making the order, is not deal-
    ing with the homestead, nor setting it aside as such to the widow,
    and the case is properly within that section.

APPEAL from an order of the Superior Court of Santa
Clara County setting apart the estate of a deceased person to
his widow.  M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

A. H. Jarman, for Appellants.

C. L. Witten, and R. V. Burns, for Respondent.

McFARLAND, J.—This is an appeal by heirs from a pro-
bate order setting apart the whole of the estate of Amos L.
Neff, deceased, to his widow, there being no minor children.

The total value of the estate was only one thousand and
eighty dollars; and the whole of it was set apart to the widow,
pursuant to section 1469 of the Code of Civil Procedure,
which provides that if the value of the estate does not exceed
fifteen hundred dollars the court shall assign it to the widow,
in whom the "title" shall "rest absolutely" where there are
no minor children, subject to expenses of administration, etc.,
and also subject to whatever "mortgages, liens, or encum-
brances there are upon the property," and that "there must
be no further proceedings in the administration unless further
estate be discovered."  The contention of appellants is
founded on the facts that part of the estate was a lot of land
of the value of five hundred and fifty dollars; that this land

was the separate property of the deceased, and that before his death the widow had filed a homestead declaration thereon, he not joining therein. The contention is, that these facts take the case out of the operation of said section 1469, for the reason that under sections 1465, 1468, and 1474 of the Code of Civil Procedure, and section 1265 of the Civil Code, where a homestead has been filed by one spouse on the separate property of the other, upon the death of the latter the property covered by the homestead can be assigned to the survivor only for a limited period. This contention is not maintainable. In the case at bar, the court, in making the order appealed from, was not setting aside a homestead, nor dealing with the subject of homesteads. It was a proceeding under section 1469, which specifically deals with the special subject of estates less in value than fifteen hundred dollars, and provides that the whole of such an estate shall go to the widow, subject to existing liens and encumbrances. The claim to the land in question which these appellants set up is not a claim to a "lien or encumbrances"; it is a claim of ownership or title. Taking all the code sections together, and considering the regard which the law has for the interests of the family, it was clearly the intention of the legislature that small estates under fifteen hundred dollars shall go immediately to the family without further administration. The case at bar is within said section 1469, and governed solely by its provisions, and the court below rightly so held.

The order appealed from is affirmed.

Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.