ESTATE OF RICHARD ADAMSON, DECEASED.

[No. 9,013 (N. S.); decided March 21, 1910.]

**Estate of $1500—Estimating Value by Excluding Homestead.—**
Where a statutory homestead from community property has been
set apart in probate to the widow, its value is not considered in de-
termining whether the estate exceeds $1500. Hence, the petition of
the widow to assign to her personal property valued at $500 should
be granted, although the homestead is valued at over $3,000.

**Estate of $1500.—The Publication of Notice to Creditors is unneces-**
sary where the court assigns the whole estate to the widow under
section 1469 of the Code of Civil Procedure.

R. L. Husted, for the petitioner.

COFFEY, J. Richard Adamson died leaving a widow.
His estate consisted of personal property amounting to
$523.38, and a statutory homestead from community prop-
erty, valued at $3,500.

Two questions arise: 1. Can the court assign the personal
property to the widow (the homestead having been set off to
her), under section 1469 of the Code of Civil Procedure?
2. If the estate is so assigned, must notice to creditors be pub-
lished?

Section 1469 of the Code of Civil Procedure provides:
"If on the return of the inventory it shall appear therefrom
that the value of the whole estate does not exceed fifteen hun-
dred dollars, and if there be a widow, the court or judge
thereof, shall by order require all persons (to appear and
show cause, etc.). If upon the hearing the court finds that
the value of the estate does not exceed fifteen hundred dollars,
it shall by decree *assign* to the widow (or minor children,
as the case may be) 'the whole of the estate,' subject to en-
cumbrances, and *after* payment of expenses of last illness,
expenses of administration and funeral charges, and the
*title thereof* shall vest absolutely in the widow, or minor chil-
dren."

In the case in hand, if the homestead is to be considered
by the Court when finding that the value of the estate does,
or does not, exceed $1,500, then the petition of the widow to

assign the whole of the estate must be denied. If it is not to be considered, then the petition should be granted.

The widow acquires her title to the homestead by right of survivorship, and not by the decree setting apart the homestead, the decree only withdrawing the homestead from administration. The inventory and appraisement was made and returned, the homestead had ceased to be part of the intestate's estate and was not subject to any procedure of administration: Estate of Tompkins, 12 Cal. 114; Estate of Hardwick, 59 Cal. 292.

Section 1443, Code of Civil Procedure, provides that in the inventory and appraisement of an estate to be returned to the court, that said appraisement must include the homestead. This would seem at first glance to have intended to include the homestead as part of the assets of the estate. of the deceased, but construing it along with section 1476, it seems that the sole purpose of including the homestead in the appraisement is for the purpose of ascertaining whether or not it was declared in compliance with the code provisions relating to declarations of homesteads, and when, from the return of the appraisement, it is found that the homestead is valued at an amount not exceeding the limit prescribed in the code, it is removed from further consideration by this court, and is in no proceeding considered part of the estate of the deceased, and for the purposes of administration the court can proceed as if no such estate was mentioned in the appraisement.

The question has arisen in this case whether publication of notice to creditors should not have been made. The easiest method of arriving at an answer to this question seems to be to inquire what benefit could accrue to said creditors by such publication, or what rights of theirs would be impaired by failure to order such publication. The law cannot be construed as ordering a useless proceeding where absolutely no result can be obtained therefrom. In the case at bar, the homestead is exempt from the claims of creditors, and the only property upon which they can have any claim whatever is the personal property mentioned in the inventory and appraisement. This personal property, amounting to less than $1,500, can be administered upon under section 1469 of the Code of Civil Procedure, and when such proceedings are had,

the creditors receive the full protection intended to be given them by the code. It seems to be the settled policy of the courts of this state to discourage attempts to prolong the course of administration and to restrain the tendency to incur useless expenses where they can neither afford any relief nor bestow any benefit upon any party concerned in the administration.

In Estate of Atwood, 127 Cal. 427, 59 Pac. 770, while the facts were not similar to the facts here presented, nor did the decision decide the point in controversy in the present case, yet the language of the court is applicable to the case at bar.

"Publication of notice to creditors could have no possible effect except to diminish and to help to eat up the very small pittance left to the widow by the deceased. It could not possibly benefit creditors. Then why should notice be given to them? The costs of publication, the commissions of the administrator, and the fee of his attorney would have to be paid out of the widow's mite. It might benefit the administrator, his attorney and the publisher of a newspaper, but the object of the law is to protect the widow and minor children, and not to pay out of the estate useless expenses to persons in no way interested in the estate except to the extent they may be able to get money out of it": Saddlemire v. Stockton S. etc. Soc., 144 Cal. 653, 79 Pac. 381.

The homestead is not a part of the estate for distribution, or for payment of debts, expenses of administration, expenses of last illness, or funeral expenses. The "estate," as such, has no title to it. Hence, when section 1469 uses the words "whole estate" it means the estate which is for distribution. This view is strengthened by the provision that "whole estate" can be assigned, *after* payment of expenses of last illness, etc.; whereas a homestead must be set apart without reference to those expenses.

Hence, where the value of the estate, without reference to the statutory homestead, is found by the court not to exceed $1500, the "whole estate" can be assigned under section 1469 to the widow, or minor children, if there be no widow.

It is not necessary that notice to creditors be published if the court assigns the whole estate: Estate of Palomares, 63 Cal. 402; Estate of Atwood, 127 Cal. 427, 59 Pac. 770.

## QUESTIONS AND ANSWERS IN PROBATE.

A. "Where the husband and minor children survive, the inventory and appraisement presented and filed, and the court is asked to set aside property exempt from execution, does the order made by the court in the premises eliminate the publishing of notice to creditors, and all further procedure, and close the estate?"

The Code of Civil Procedure of California—the statutes of Arizona being the same—provides that every executor or administrator shall immediately after his appointment cause a notice to creditors to be published, etc. (sec. 1490), and if he neglects to do so for two months, his letters must be revoked (sec. 1511). While these provisions may not be mandatory, but directory, yet no exception to the general rule above mentioned is made, except in cases in which the entire estate is set apart, as in section 1469, Code of Civil Procedure, and the first clause in Arizona Revised Statutes, 1730, and that exception in California is made by judicial construction: Estate of Atwood, 127 Cal. 427, 59 Pac. 770; Estate of Palomares, 63 Cal. 402.

When property exempt from execution is set apart, the order only determines (1) that the property is exempt from execution and is set apart, and (2) the persons to whom it is so set apart. There is no adjudication (as under "summary administration") that the property exempt from execution is the entire estate. That issue cannot be presented in the proceedings to set aside property as exempt.

The notice to creditors should be published in the case mentioned in "A."

B. "Or can a summary administration be had, when the survivors are as mentioned?"

The law of California (Code Civ. Proc., sec. 1469) provides that there may be a summary administration when the estate does not exceed $1500, where there is a widow or minor children of the deceased. The statute of Arizona (Rev. Stats., 1730) in the first clause (we leave the second clause out, as notice to creditors is provided for) fixes the value of the estate at $2,000, and directs that (on proper proceedings) the court must assign for the use of the widow and minor children, or if there be no widow, then for the use of the minor children, if any, the whole of the estate, etc.

Under the law of California, the whole estate is set aside to the widow, and if there be no widow, to the minor children, to the exclusion of the surviving husband, if any: Estate of Leslie, 118 Cal. 72, 50 Pac. 29.

And in such case publication of notice to creditors is not required: Estate of Atwood, 127 Cal. 427, 59 Pac. 770.

While Arizona Revised Statutes, 1730, authorizes "summary administration" in estates of intestates (our section 1469 being applicable to estates of both testates and intestates), the rule will be the same— that the estate set apart shall go to the minor children to the exclu-

sion of the surviving husband, if any, and that the publication of notice to creditors is not required, if the decisions of our supreme court are good law.

C. "Where the wife and minor children survive, the inventory presented and filed and the court proceeds under the summary administration section setting aside the estate, can the widow encumber the property by mortgage or otherwise, the entire estate, or must she resort to guardianship proceedings to encumber the children's portion?"

The widow cannot encumber the entire estate when set apart under "summary administration," as, under Arizona Revised Statutes, 1730 (first clause), in the case mentioned the property vests in the widow and minor children. The interests of the minors can only be encumbered by taking proceedings under Revised Statutes, 1816, and then only to pay the debts of the minors, or for the other purposes mentioned in the law: Howard v. Bryan, 133 Cal. 264, 65 Pac. 462.

D. "Where the husband survives, the procedure being under the exemption statutes, husband administrator, is it mandatory that he publish notice to creditors? The entire estate appraised at less than the amount of exemption provided by the Arizona statutes."

When, on the return of the inventory in an intestate estate, it appears that the value of the whole estate is less than $2,000, the probate court must, after certain notice and proceedings, assign for the use and support of the minor children, if there be no widow, the whole of the estate, after payment of certain expenses enumerated in the statute, and there must be no further proceedings unless further estate be discovered: Ariz. Rev. Stat., sec. 1730. In such case, the administrator is not required to publish notice to creditors: See Estate of Atwood, 127 Cal. 427, 59 Pac. 770.

E. "(Being a case where the husband survives, and minor children, the estate being inventoried as separate of wife.) The husband administrator, through his attorney, presents a petition praying that the estate, consisting solely of real estate, be assigned to the surviving husband upon his paying to the children a sum equal to the financial value of their interests therein. I contend that the husband cannot take an equitable interest in the property, it being the separate estate of the estate and being impressed that a life estate is about equal to mortgage or lien on the property."

Where, in the estate of an intestate, property is assigned for the use and support of minor children (the property being the separate estate of a deceased wife), under Arizona Revised Statutes, 1730, the property becomes the property of the minor children, and the surviving husband has no interest therein. Section 1730 provides a special rule for this class of cases, which prevails over the general rule provided in section 1729—at least such is the settled law under the California decisions.

The property being vested in the minor children, they can only be divested of it by appropriate proceedings in guardianship. In the proceedings in the estate of the deceased wife now pending, the probate court has no jurisdiction to assign the property of the minors to the surviving husband, as that would be nothing more nor less than a sale, which, as before observed, can only be made in guardianship proceedings. It cannot be contended that, in the estate now pending, the court could assign the property of the minors to a stranger. The surviving husband, in the matter in hand, stands on the same footing as a stranger, as he has no interest, legal or equitable, in the property.