[Civ. No. 3832. Second Appellate District, Division One.—April 27, 1922.]

MARGARITA GUZMAN DE LEDESMA, as Administratrix, etc., Appellant, v. CLARENCE E. STANLEY, Respondent.

[1] ESTATES OF DECEASED PERSONS—EXCHANGE OF PROPERTY FOR MO-
TOR-TRUCK—KNOWLEDGE OF WIDOW—ESTOPPEL TO DENY CONTRACT
OF SON.—Where the estate of a husband who died intestate con-
sisted solely of a team of horses, a wagon, and a set of harness, of
a value of less than fifteen hundred dollars, which had been used
by the deceased and the eldest son to aid in providing support
for the family, the widow will be estopped to deny the effect of
a contract made by such son whereby such property was delivered
to a dealer at an agreed price as an initial payment on the pur-
chase price of a motor-truck, notwithstanding the absence of an
order in probate authorizing him so to do, where she, with full
knowledge of the transaction and of the use of the truck by the
son in earning money for the support of the family, received and
used those earnings and did not notify the dealer that she dis-
claimed any agency in her son to act in the transaction until
nearly two years after the making of such contract, at which
time she commenced an action to recover damages for the alleged
conversion by the dealer of the horses, wagon, and harness.

APPEAL from a judgment of the Superior Court of
Ventura County. Merle J. Rogers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Scott McReynolds for Appellant.

Drapeau, Orr & Gardner for Respondent.

JAMES, J.—This action was brought to recover damages
for the alleged conversion of a team of horses, a wagon,
and a set of harness, which it was alleged were of the value
of five hundred dollars. Judgment was for the defendant.
The plaintiff has appealed.

[1] Plaintiff was the widow of her intestate. The
husband died November 19, 1919, leaving surviving him,

besides plaintiff, several minor children, the eldest of whom
was a son about the age of eighteen years. The only
property owned by the husband at the time of his death was
that mentioned in plaintiff's complaint. The team and
wagon had been used by the husband and father to aid
in providing support for the family, in which endeavor he
was assisted by the son mentioned. After his death the
boy assumed the responsibility of earning a livelihood for
the family and continued to use the team and wagon for
such purpose. About the 1st of February, 1920, he ar-
ranged with two men, close relatives of his, to enter into
a business partnership to do hauling. It was agreed that
they should purchase a motor-truck. It was further ar-
ranged that the team and wagon hereinbefore referred to,
together with a similar outfit owned by his associates,
should be lumped together and delivered to the defend-
ant, who was a dealer in motor-trucks, as an initial pay-
ment on the purchase of a truck. The purchase price of
the truck was in excess of $3,000 and the horses, wagons,
and harness were taken in at a credit value of about $950.
The boy and his associates took the truck, used it in con-
ducting the business of hauling merchandise and products,
and divided the income received therefrom. That portion
of the income received by the boy he delivered to his
mother for use in support of the family. More than four
months elapsed and, the vendees having failed to make
payments required of them, the vendor, exercising the right
expressed in the contract, recovered the truck. On August
25, 1921, plaintiff received letters of administration in the
matter of the estate of her husband, and on September 19,
1921, commenced this action. As it was asserted by her in
her testimony that the deceased possessed no other prop-
erty at the time of his death than the property described in
her complaint, it is evident that the sole purpose of insti-
tuting the probate proceedings was to obtain the necessary
authority to commence this suit in the representative
capacity indicated. The position taken by the administra-
trix is that there was no authority in the son to transfer
title to the property in the absence of some order in pro-
bate authorizing him so to do. Respondent's answer to this
contention is that, as the value of the property was less
than fifteen hundred dollars, appellant, as the widow of

the deceased, had the right, under the provisions of section 1469 of the Code of Civil Procedure, to have the property assigned absolutely to her, and that any act committed by her showing an acquiescence in or an adoption of the transaction as made by the son would effectually estop her from denying effect to the contract. That contention seems to be fully sustained by the pleadings, evidence, and the findings made by the court. The widow was entitled to have the property set apart to her as a matter of right and wholly free from the claims of creditors. (*Estate of Palomares,* 63 Cal. 402; *Estate of Atwood,* 127 Cal. 427 [59 Pac. 770].) While she testified that she did not consent to the plan of her son to exchange the team and wagon as part payment for the truck, she admittedly was fully informed of the transaction, knew that the son was using the truck in earning money for the support of the family, and received and used those earnings. She at no time prior to the bringing of this suit (which was commenced nearly two years after the truck was purchased) notified the defendant that she disclaimed any agency in her son to act in the transaction.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.