[Civil No. 4183.   Filed January 15, 1940.]

[97 Pac. (2d) 933.]

ALICE JOHNSON, Administratrix of the Estate of FRED E. JOHNSON, Deceased, Appellant, v. MILDRED JONES, Appellee.

Mr. George M. Sterling, for Appellant.

Messrs. Meason & Choisser, for Appellee.

LOCKWOOD, J.—Fred E. Johnson, hereinafter called deceased, intermarried with Mildred Jones, hereinafter called appellee, and of such marriage there was issue Bradford D. Johnson and Chloe Jean Johnson, who are still minors. On January 9, 1933, a decree was rendered in the superior court of Maricopa county granting an absolute divorce to appellee, and providing that deceased should pay to her the sum of twenty-five dollars monthly during the time that the children of said marriage were in her care and custody, which by the decree was set as six months out of each calendar year. There was an attempt to set aside the community realty to deceased but the description thereof was faulty. Thereafter appellee conveyed to deceased her interest in the real estate. Later deceased and Alice Johnson, appellant herein, intermarried, and some time thereafter this last marriage was dissolved by the death of Fred E. Johnson. Thereafter both appellant and appellee petitioned for letters of administration, and appellant was finally

appointed and qualified. The estate was duly inventoried as being of a value of less than two thousand dollars. A petition was filed by appellant asking that the entire estate be set aside to her as the surviving spouse of deceased, under the provisions of section 3977, Revised Code of 1928, as amended by chapter 22, twelfth legislature.

Appellee filed a counter petition requesting that all of the realty of the estate be set aside as a homestead for the minors named above, and alleged in substance that the real estate aforesaid had been accumulated during her marriage to deceased as community property; that when the divorce was granted no disposition was made of it in the decree, but shortly thereafter, upon the request and solicitation of the deceased and upon his promise to retain it for the maintenance and care of their minor children and at their maturity to convey the property to them as their own, she deeded her interest therein to deceased for the purpose of carrying out the trust agreed upon as above, and that it was at all times held by deceased under the express trust aforesaid. She disclaimed any interest in the personal property of the estate.

A hearing was had upon the two petitions, and the court found the facts to be as follows:

"1st: The whole of said property, both real and personal, belonging to said estate, was the separate property of Fred E. Johnson, now deceased.

"2nd: Fred E. Johnson was formerly the husband of Mildred Johnson, now Mildred Jones, the mother of the said Bradford D. Johnson and Chloe Jean Johnson, minors and heirs at law of Fred E. Johnson, deceased.

"3rd: A decree of divorce dated January 9th, 1933 was entered by the Superior Court of Maricopa County, State of Arizona granting an absolute divorce to Mildred Johnson from the said Fred E.

Johnson, wherein it was ordered that the said Mildred Johnson should have the custody of said minors six months out of each year, and that the said Fred E. Johnson should pay to the said Mildred Johnson the sum of twenty-five dollars monthly during the time that said children were in her care and custody.

"4th: Said decree purported to set aside the real estate now involved in this matter to Fred E. Johnson, as his separate property, but the description of said property in said decree is erroneous.

"5th: After the granting of said decree by the Superior Court of Maricopa County, Arizona, Mildred Johnson, now Mildred Jones, conveyed by deed her interest in and to the real estate to Fred E. Johnson, without consideration therefor save and except that said property was to be used to support and educate the said minors and heirs at law, heretofore named.

"6th: Mildred Jones does not make any claim to any part of said property, except on behalf of the said minors and heirs at law of Fred E. Johnson, deceased."

and upon such facts adjudged a life interest in the west one-third of the real estate to appellant as a homestead, with remainder to the minors and a title in fee simple to the east two-thirds of the real estate to the latter, and all of the personal property of the estate to appellant. Thereafter this appeal was taken.

The entire proceeding was in the probate of the estate of deceased and is, therefore, necessarily regulated by the statutes covering probate. The appellant bases her claim upon section 3977, *supra,* which reads as follows:

"When Whole Estate Assigned To Surviving Spouse Or Minor Children. If, upon the return of the inventory, it shall appear therefrom that the value of the whole estate, exclusive of the amount of liens and the one-half interest of the surviving spouse in the community property does not exceed the sum

of two thousand dollars, and if there be a surviving spouse or minor children of the deceased, the court shall, by order, require all persons interested to appear on a day fixed, to show cause why the whole of said estate should not be assigned for the use and support of the family of the deceased. Notice thereof shall be given and proceedings had as upon the settlement of accounts of executors or administrators, except that publication of notice to creditors shall not be necessary. If, upon the hearing, the court finds that the said value does not exceed the sum of two thousand dollars, it shall by its decree assign to the surviving spouse of the deceased, if there be a surviving spouse, or if none, then to the minor children of the deceased, if any, the whole of the estate, subject to whatever mortgages, liens, or encumbrances there may be upon said estate at the time of the death of the deceased, after the payment of the expenses of the last illness of the deceased, funeral charges, and expenses of administration, and the title thereof shall vest absolutely in such surviving spouse or minor children, and there shall be no further proceedings in the administration, unless further estate be discovered. If the surviving spouse has separate property, exclusive of his one-half interest in the community property equal to the portion to be set apart to him, the whole property, other than his half of the homestead, shall go to the minor children.''

The appellee in her brief argues that the order of the probate court aforesaid was properly entered under section 3974, Revised Code of 1928, which is in the following language:

''Setting apart homestead. After the return of the inventory, the court may on its own motion, or on petition therefor shall set apart for the use of the surviving husband or wife, or, in case of his or her death, to the minor children of the decedent, all the property exempt from execution, including the homestead, selected, designated, and recorded, if such homestead was selected from the community property, or from the separate property, of the per-

sons selecting or joining in the selection of the same. If none has been selected, designated, and recorded, or, if the homestead was selected by the survivor out of the separate property of the decedent, the decedent not having joined therein, the court shall select, designate, and set apart, and cause to be recorded, a homestead for the use of the surviving husband or wife, and the minor children, or if there be no surviving husband or wife, then for the use of the minor children, out of the community property, or if there be no community property, then out of the property of the decedent."

■ Upon an examination of our statutes, it appears that the order of the probate judge cannot be sustained upon any theory of the law. It does not comply with either section 3974 or 3977, *supra,* nor does it follow the regular statute of descent and distribution. Rev. Code 1928, sec. 977 et seq. As to the latter, it attempts to make not only a distribution but a partition of the real estate, which is not permitted by the statute to be done in this manner. It is, therefore, necessary that the order of the probate court be set aside and the matter remanded for further proceedings. We think, however, we should also state the proper manner of future procedure.

Upon a careful examination and comparison of our Probate Code, and particularly of sections 3974 and 3977, *supra,* together with the cases from California dealing with the statutes from which ours were obviously taken, we are of the opinion that the proper procedure in dealing with estates of this character and value is that set forth in section 3977, *supra.* In the case of *In re Neff's Estate,* 139 Cal. 71, 72 Pac. 632, the court had under consideration conflicting claims based upon statutes similar to ours, and said:

" . . . Taking all the Code sections together, and considering the regard which the law has for the interests of the family, it was clearly the intention of

the Legislature that small estates under $1,500 shall go immediately to the family without further administration. The case at bar is within said section 1469, and governed solely by its provisions, and the court below rightly so held.''

We approve of the reasoning and conclusion in this case, and, therefore, hold that section 3977, *supra,* takes precedence over section 3974, *supra,* and, of course over ordinary administration under the statute of descent and distribution. This section applies to both separate and community property of the spouses. *In re Leslie's Estate,* 118 Cal. 72, 50 Pac. 29. In that case the property was set aside to the minor children, but the same principle would apply if the law required that it be set aside to the wife.

Since section 3977, *supra,* governs the property, the question is whether the property should be set aside to the surviving spouse, admittedly the appellant, or to the minor children. The section on its face is unambiguous and explicit. If there be a surviving spouse, it is to be set aside to him or her. The children take it only if there is no such spouse, or under the circumstances set forth in the last sentence of the section. Further it says that ''the title thereof shall vest absolutely in such surviving spouse *or* minor children,'' the parties being named in the alternative and not conjunctively.

It may be urged that while this was the intent of the law where the surviving spouse is also the parent of the minor children, for the reason that parents can usually be trusted to look after the interests of their children, when the surviving spouse is merely a step-parent this presumption does not apply. There are many cases when step-parents treat their stepchildren even better than the natural parents, but we need not consider this phase of the question. When a statute is plain and unambiguous in

its terms, we have no option but to enforce it as it reads, no matter what we may think of its policy under a certain state of facts. *Automatic Registering Mach. Co.* v. *Pima County,* 36 Ariz. 367, 285 Pac. 1034; *Industrial Com.* v. *Price,* 37 Ariz. 245, 292 Pac. 1099.

██ It was contended by appellee as a basis for her petition that the property be set aside as a homestead for the minors that there was an express oral trust in their favor created at the time she deeded her interest therein to the deceased. The present proceeding is not one where this issue should or may be litigated. When an estate is set aside under section 3977, *supra,* it is expressly said to remain subject to all "mortgages, liens, or incumbrances there may be upon said estate at the time of the death of the deceased." Certainly an express trust is an incumbrance upon the property within the meaning of the statute, and if any such exists it may be established by proper action in the usual manner.

The order of the superior court is reversed and the case remanded with instructions to set aside the entire estate to the surviving spouse under the provisions of section 3977, *supra.*

ROSS, C. J., and McALISTER, J., concur.