[Civil No. 4555.   Filed March 29, 1943.]

[135 Pac. (2d) 217]

In the Matter of the Estate of JUANA OROSCO, Deceased; MARTHA GARCIA, Administratrix of the Estate of JUANA OROSCO, Deceased, Appellant, v. JOSE OROSCO, Appellee.

Mr. V. L. Hash, for Appellant.

Mr. Jay Sigworth, for Appellee.

ROSS, J.—Juana Orosco, a resident of Glendale, Arizona, died intestate on July 31, 1938, leaving an estate consisting of real and personal property, as follows: Lots 9 and 10 in Block 31 of said Town of Glendale; one Chevrolet sedan automobile, 1934 model, and household and kitchen furniture.

Martha Garcia, her only surviving child, thereafter, on November 29, 1938, applied for letters of administration and such letters were issued to her March 13, 1939.

Inventory and appraisement of the estate, filed September 26, 1939, fixed the value thereof at $2,200, itemized as follows: Lots $1,500, Chevrolet $600, household and kitchen furniture $100.

The administratrix, on August 25, 1941, filed a petition reciting that Jose Orosco claimed to be the sur-

viving spouse of decedent and that the value of the estate was not to exceed the sum of $2,000, whereas petitioner claimed it to be of a value exceeding that sum. She prayed that the court determine whether Jose Orosco was the surviving husband, whether he was interested in the estate and whether the value of the estate exceeded $2,000. On said date an order to show cause was made.

March 10, 1942, Jose Orosco, through his attorney, filed a petition in the probate court alleging that the estate, exclusive of liens, did not exceed $2,000 in value; that he was the surviving spouse; that all expenses of the last illness and funeral and costs of administration had been paid. He prayed that the whole of the estate be assigned to him as the surviving husband of the deceased. This petition was noticed for hearing on March 26, 1942, and on that day the court found that all the material allegations of his petition were true and ordered, adjudged and decreed that the whole of the estate be assigned to Jose Orosco, surviving spouse of the deceased.

From this order the administratrix has appealed, contending that, because the inventory and appraisement of the assets of the estate exceeded $2,000, the court's order was made in excess of its jurisdiction. This contention is based upon section 38–905, Arizona Code 1939, which provides that if, upon the return of the inventory, the value of the whole estate, exclusive of the amount of liens and the half interest of the surviving spouse in the community property does not exceed $2,000, the court shall, by order, require all persons interested to appear on a day fixed to show cause why the whole of said estate should not be assigned for the use and support of the decedent's family. It is the contention that no hearing as to the value of the estate can be had if the inventory shows a value in excess of $2,000 over and above liens and

said interest of the surviving spouse. We do not think the inventory value of the estate was intended to exclude all inquiry or investigation by the court as to such value. The court is authorized and directed to hear the parties as to the estate's value, and "If, upon the hearing, the court find that the said value does not exceed the sum of two thousand dollars ($2,000), it shall by its decree assign to the surviving spouse of the deceased, if there be a surviving spouse, or if none, then to the minor children of the deceased, if any, the whole of the estate. . . . " Section 38–905, *supra*. The value ascertained at the hearing, and not the inventory value, is determinative of the power of the court to set the estate aside to the surviving spouse or children. If in fact as judicially determined the estate is of a value of $2,000 or less, it should be set aside as the law provides. It is clear that the legislative intent was that that should be the case and that procedural formalities should not defeat the legislative purpose.

In *Johnson* v. *Jones,* 55 Ariz. 49, 97 Pac. (2d) 933, 935, we quoted from *In re Neff's Estate,* 139 Cal. 71, 72 Pac. 632, as follows:

" ' . . . Taking all the Code sections together, and considering the regard which the law has for the interests of the family, it was clearly the intention of the Legislature that small estates under $1,500 shall go immediately to the family without further administration. The case at bar is within said section 1469, and governed solely by its provisions, and the court below rightly so held.' "

and then said:

"We approve of the reasoning and conclusion in this case, and, therefore, hold that section 3977, *supra* [section 38–905, *supra*], takes precedence over section 3974, *supra,* and, of course over ordinary administration under the statute of descent and distribution. This

section applies to both separate and community property of the spouses. . . . ''

The judgment of the lower court is affirmed.

McALISTER, C. J., and STANFORD, J., concur.