[No. 458.  Decided July 19, 1892.]

PETER BARTELS, *Administrator of the Estate of Henry Bowman, Respondent,* v. WILLIAM GOVE, ORAN KITELY AND W. D. SCOTT, *Appellants.*

ADMINISTRATOR—SUIT ON BOND—LEAVE OF COURT—STATUTE OF LIM-
ITATIONS.

In order to bring suit upon an administrator's bond, it is not neces-
sary that application be first made to court and leave obtained, as an
adminstrator is not a public officer within the purview of Code 1881,
§ 654.

An action by an administrator against a former administrator to
recover money and property of the estate is not subject to the limita-
tion imposed by Code 1881, § 30, subd. 2, requiring certain actions to
be brought within one year.

*Appeal from Superior Court, King County.*

*Burke, Shepard & Woods,* for appellants.

*Fishback, Hardin & Meek,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action by Peter Bartels, the
administrator of the estate of Henry Bowman, deceased,
against Scott, the former administrator, and Gove and
Kitely, the sureties on his bond, to recover $3,315.65, an
amount alleged to be due from Scott to Bartels; this
amount representing money, property and effects claimed
to be charged to Scott in his final account, which it is
claimed he should have paid over to Bartels, the new ad-
ministrator.  Gove and Kitely demurred to the complaint
on the grounds—(1) That it did not state facts sufficient to
constitute a cause of action;  (2) that the cause of action
stated in the complaint was barred by the statute of limita-
tions.  The demurrer was overruled, and the defendants
standing on the demurrer, and refusing to plead further

judgment was in due course of time entered in favor of the plaintiffs, from which judgment defendants appealed to this court, alleging as error the action of the court in overruling their demurrer.

The first ground of the objection to the complaint is, that it is insufficient because it is not shown that the plaintiff was ever granted permission by the court to bring this action as provided by § 654 of the Code of 1881, which provides that before any action shall be commenced by a plaintiff, other than the state or municipality, against any public officer for official misconduct, etc., leave shall first be obtained from the court or judge where the action is triable. We are all of the opinion that this section does not apply to suits against administrators; that an administrator is not a public officer within the meaning of that chapter. We think there is nothing inconsistent in the provisions of chapter 61, the subject of which is "suits on official bonds, fines and forfeitures," and the act providing for the commencement of actions against administrators, which is an act "in relation to administrators, their duties and responsibilities." There are some cases, it is true, which hold that application must first be made to the court, and leave obtained, to sue on an administrator's bond; but the cases we have examined are based upon statutes especially providing for the application in such cases, and the probabilities are that, in all cases so holding, the statute especially requires the application in suits on administrator's bonds.

With this view of the responsibilities of the administrator, it becomes unnecessary to discuss the correlative proposition submitted by the appellant that whatever releases or extinguishes the liability of the principal also extinguishes the liability of his sureties.

We are also of the opinion that the second ground of demurrer is not well taken, and that this action is not barred

by the statute of limitations.   We think that subd. 2 of
§ 30 of the Code of 1881 has reference to the time of the
final settlement of the estate, and not the settlement of
the accounts of every intermediate administrator that
there might happen to be in the progress of the settle-
ment of the estate.

This view of the case renders it unnecessary to enter
upon the investigation of the merits of the motion to dis-
miss the appeal.   The judgment is affirmed.

ANDERS, C. J., and SCOTT, HOYT and STILES, JJ.,
concur.