[No. 18352. Department Two. April 10, 1924.]

## In the Matter of the Estate of CLARENCE J. GERALD, Deceased.

CLARA I. GERALD, *Administratrix, Respondent*, v. JOHN GERALD, *Appellant*.[1]

EXECUTORS AND ADMINISTRATORS (149)—ACTIONS AGAINST—LIMITATIONS—SETTLEMENT OF ACCOUNT—STATUTES. Under Rem. Comp. Stat., § 161, subd. 2, providing for the commencement of an action against an administrator within one year from the time of final settlement, the limitation does not begin to run as to property received by an administrator after his appointment where he did not pay it out by order of court and no order was ever made approving his final account.

SAME (149)—LIMITATION OF ACTIONS (13½)—PERSONAL PROPERTY—NOT INCLUDED IN ACCOUNT. Rem. Comp. Stat., § 159, requiring actions to recover personal property to be commenced within three years, bars an action by a sole heir and administrator to recover a ring which came into the possession of a former administrator a week before the decedent's death under an alleged gift, and which was not included in the former administrator's inventory, where the heir took no steps to compel him to inventory the ring and waited five years after her appointment before bringing action to recover it.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 24, 1923, upon findings in favor of the plaintiff, in an action to recover property of an estate, tried to the court. Modified.

*A. C. Durham*, for appellant.

*Ryan & Desmond* and *Wesley J. Mifflin*, for respondent.

MITCHELL, J.—Clarence J. Gerald died intestate on February 2, 1917, at Seattle, Washington. John Gerald was appointed and acted first as special and then

[1]Reported in 224 Pac. 604.

as general administrator of the estate until his resignation in October, 1917, at which time Clara I. Gerald, widow of the decedent, was appointed and qualified as administratrix and has acted as such at all times since. On October 14, 1922, five years after her appointment, she filed a petition in the probate department of the superior court alleging that John Gerald had failed to account for certain property and asked for a citation requiring him to show cause why he should not turn over such property, consisting of a diamond ring, alleged in the petition to be of the value of $1,000, and $300 of liberty bonds. His demurrer to the petition that the action was not commenced within the time limited by law was overruled. Thereupon he interposed an answer containing general denials and an affirmative defense, among other things, that the proceeding or action was barred by the statute of limitations. All of the affirmative matter of the answer was denied by a reply. Upon the trial, the court made findings against John Gerald and entered judgment requiring him to deliver liberty bonds and money in the sum of $230, with interest from August 29, 1917, and to deliver the ring, the value of which was not determined. Upon taking and filing proper exceptions to the findings, John Gerald has appealed from the judgment.

Present counsel for the appellant took no part in the trial of the case. We are of the opinion that, under the formal pleadings made by the parties and the whole record of the trial thereunder, the only defense or assignment of error available on the appeal is that the action was not commenced within the time limited by law. The appellant contends that the three-years statute applies, the respondent contends that the one-year statute controls.

Concerning that portion of the judgment with respect to the liberty bonds and cash, it appears by a preponderance of the evidence that the appellant received such property into his possession as administrator and while acting as such, and that he has never paid it out by order of the court, nor obtained any order upon his final account and report approving or authorizing any such payment. Indeed, while the record shows that the appellant made and filed a final account upon presenting his resignation as administrator, it does not appear that the account has ever been passed on by the court. It follows therefore that, under subd. 2, § 161, Rem. Comp. Stat. [P. C. § 8169], which provides for the commencement of an action "within one year from the time of final settlement" of an administrator, the defense of the statute of limitations cannot prevail as to this part of the judgment.

The situation with reference to the ring is quite different. The appellant, while acting as administrator, duly filed an inventory, and thereafter, upon presenting his resignation, he filed a final report and account, and there is an entire absence of any proof that the ring was included or referred to in either of those instruments, or any other one during the course of his handling the estate. It was never brought into the probate proceedings. On the contrary, it very clearly appears that the ring came into his possession prior to the date of his appointment as administrator. It was placed in his possession by the decedent, Clarence J. Gerald, under circumstances which it is claimed made it a gift, a week or ten days prior to his death, and Clara I. Gerald, the respondent, was aware of the fact that the appellant had it in his possession prior to the date on which he was appointed administrator. She

was the sole heir of the decedent and petitioned for the appointment of appellant as administrator, and took no steps whatever to compel him to inventory the ring during his administration, and thereafter, upon her appointment as administratrix, she waited five years before taking any action to recover the ring. It is immaterial, so far as the statute of limitations is concerned, whether or not his claim that the ring was given to him is well founded. Its relation to the estate is, in legal effect, the same as if it had been in the possession of some one other than the one who had served as administrator, and in order to avoid the limitation prescribed by § 159, Rem. Comp. Stat. [P. C. § 8166], as a defense to an action for the recovery of the ring, the action should have been commenced within three years.

Respondent relies on the case of *Bartels v. Gove,* 4 Wash. 632, 30 Pac. 675. That case is not in point. It was one wherein an administrator *de bonis non* sued the former administrator and the sureties on his bond to recover the amount due by the former administrator in money, property and effects *charged to him in his final account,* under which circumstances the statute of limitations does not begin to run until "final settlement." Subdivision 2, § 161, Rem. Comp. Stat. [P. C. § 8169.]

The case is remanded to the superior court with directions to modify the judgment against the appellant so that it will include only the $230 and interest. Appellant will recover his costs on the appeal.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.