[No. 28777. Department One. January 30, 1943.]

STELL COMPANY, INC., *Appellant*, v. MAEBELLE A. SMITH, *Individually and as Executrix, Defendant*, HARTFORD ACCIDENT & INDEMNITY COMPANY, *Respondent.*[1]

[1]Reported in 133 P. (2d) 811.

*Elliott* & *Kells,* for appellant.

*Crollard* & *O'Connor,* for respondent.

Millard, J.—More than one year subsequent to entry of order by the superior court for Grant county, setting aside all of the assets of the estate in question to the widow in lieu of homestead, this action was instituted in the superior court for Chelan county to recover against Maebelle A. Smith, individually and as executrix of the estate of her deceased husband, on an assigned claim against the estate. By amended complaint, Hartford Accident & Indemnity Company, surety on the bond of the executrix, was made a party defendant. Defendant's demurrers, on the grounds that: (1) the action was barred by the one-year statute of limitations, (2) claim for relief should have been presented in probate proceedings in Grant county, (3) order setting aside property to the widow was a final order, hence may not be collaterally attacked, and (4) plaintiff's claim was not that of a preferred creditor, payment of which was a condition precedent to award in favor of the widow, were sustained. This appeal is prosecuted by plaintiff from judgment of dismissal as to the surety company entered upon refusal of plaintiff to plead over.

The allegations, admitted by the demurrer to be true, are as follows: In December, 1934, the petition of Maebelle A. Smith, executrix of her deceased husband's estate, which was being probated in superior court for Grant county, for authority to compromise a claim of Columbia Valley Bank of Wenatchee in the amount of $17,644 against the estate, was granted. Pursuant to that authorization, the bank accepted in full settlement of its claim (discounting same $3,150) eight thousand dollars to be obtained from Federal bank loan to the executrix, $1,319 cash paid at time of compromise, estate's interest in certain real property, and one thousand dollars to be paid in cash when returns were made from sale of the then present fruit crop, or one thousand dollars from other sources.

June 20, 1935, Mrs. Smith, who did not have sufficient cash to pay one thousand dollars due to the bank under the foregoing agreement, individually and as executrix of the estate of her deceased husband, executed a note in the amount of one thousand dollars, payable to the bank on or before December 1, 1935. That note, on which nothing was paid except interest to May 27, 1936, was assigned to appellant. Payment could have been made, however, as there were available assets, of appraised value of $9,885.76, which were removed from the estate without any accounting therefor. Other property remaining in the estate was set over to Mrs. Smith in lieu of homestead by order of the superior court for Grant county entered February 13, 1940, from which order no appeal was taken. The pertinent portion of the order reads as follows:

"This cause came on regularly for hearing before the above entitled court on February 13, 1940, upon the petition to set aside property in lieu of homestead, as filed by Maebelle A. Smith, executrix; the executrix was present. . . . Harvey Jean Smith, minor

daughter of said decedent, was represented by . . . attorney, acting as guardian ad litem; it appearing to the satisfaction of the court from the records and files herein that due and timely notice of the time and place of this hearing was given as provided by law, and from the testimony adduced at said hearing it appears to the court's satisfaction that the funeral expenses and expenses of last sickness and of administration have been paid or provided for, that the only property remaining in said estate consists of the real property hereinafter described and that neither the decedent nor his surviving spouse, Maebelle A. Smith, have heretofore claimed any homestead . . . and that the value of all the property hereinafter described is less than $3,000, and the court being fully advised in the premises,

"IT IS HERE AND NOW CONSIDERED AND ORDERED AND ADJUDGED that . . . the remaining property in the above entitled estate, be and the same is hereby set aside and awarded to Maebelle A. Smith . . . in lieu of homestead.

"IT IS FURTHER CONSIDERED AND ORDERED that there being no other property in said estate for administration, that the executrix thereof be and she is hereby discharged and released from further responsibility in said estate, and her bond and bondsmen are hereby released from further responsibility therein."

The executrix was discharged and the estate closed without a final settlement or order of court approving such final settlement.

Appellant insists that it is entitled to a money judgment against the surety on the bond of the executrix and does not contend that it is entitled to a general accounting and the setting aside of the homestead if the property is in such condition that that relief may be afforded. In other words, appellant's position is that the estate has been wrongfully depleted of property of the value of $9,885.76, and that other property was wrongfully set aside to the widow in lieu of homestead, which properties, in either case, should have

been applied to payment of appellant's preferred claim in the amount of one thousand dollars; therefore, the proper relief of which appellant may avail itself in this situation, where all the properties have been abstracted from the estate, is an action upon the bond of the executrix.

The first question presented is whether the following section of the statute—under any other statute of limitation appellant's action was timely—which bars maintenance of certain actions if same are not commenced within the period of one year after the cause of action accrued, operates to bar appellant's right to maintain this action, since it was brought nineteen months after entry of order, from which no appeal was taken, setting aside property to widow in lieu of homestead:

"2.   An *action* by an heir, legatee, creditor, or other party interested, against an executor or administrator, for alleged misfeasance, malfeasance or mismanagement of the estate *within one year from the time of final settlement,* or the time such alleged misconduct was discovered." Rem. Rev. Stat., § 161 [P. C. § 8169]. (Italics ours.)

■   Appellant's privy submitted to the jurisdiction of the superior court for Grant county by filing its claim for payment therein, which claim was approved and an order entered, as recited above, authorizing a compromise of that claim. Appellant's predecessor in interest was not entitled (in the absence of written request therefor and no such request was made) to special notice in the probate proceedings of petition, and hearing thereon, of executrix for setting aside to her property of the estate in lieu of homestead (Rem. Supp. 1941, § 1434). Appellant cannot successfully challenge the validity of the order awarding the property to the widow, as that order, which is a final order,

was entered pursuant to provisions of homestead statute (Rem. Rev. Stat., § 1473 [P. C. § 9893]), after due and proper notice, and hearing thereon of petition of the widow for property of the estate in lieu of homestead. *In re Backstrom's Estate,* 191 Wash. 93, 70 P. (2d) 784.

Counsel for respondent argue that appellant's right of recovery against the surety on the bond of the executrix is barred for the reason that the order entered February 13, 1940, is a final, appealable order under Rem. Rev. Stat., § 1473. That order, it is true, was final within its limited field of setting aside property to the widow in lieu of homestead, but it is not a valid order approving the executrix's final report and petition for distribution and discharge of the executrix and surety from further responsibility in the estate, as there was an utter disregard of the statutory procedure prerequisite to the validity of such an order. It follows that the one-year statute of limitations (Rem. Rev. Stat., § 161) is not applicable, as there has not been a final settlement of the estate. See *Bartels v. Gove,* 4 Wash. 632, 30 Pac. 675; *Gerry v. Gerry,* 135 Wash. 468, 238 Pac. 5; *In re Krueger's Estate,* 11 Wn. (2d) 329, 119 P. (2d) 312; *In re Peterson's Estates,* 12 Wn. (2d) 686, 123 P. (2d) 733.

The notice required by the statute (Rem. Rev. Stat., §§ 1473, 1474), under which is awarded to the surviving spouse property of the estate in lieu of homestead, is only that of posting notices ten days prior to the date fixed for the hearing on the petition for the award. The entry of an order making such award may be obtained at any time and is not conditioned upon whether the estate is or is not ready for final settlement. That statute (Rem. Rev. Stat., §§ 1473, 1474) does not provide for final accounting or decree of distribution; in fact, there is no language

in that statute susceptible to any other interpretation than that the estate shall be settled in accordance with the statutory provisions (Rem. Rev. Stat., §§ 1530 to 1533) for final settlement of estates.

"Provisions in lieu of homestead and exemptions—Notice. If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, . . . not exceeding the value of three thousand dollars ($3,000), exclusive of any mortgage or mechanic's, laborer's or materialmen's or vendor's liens upon the property so set off, . . . and such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates: . . . Notice of such hearing shall be given by posting notice in three public places in the county in which the hearing is to be held. . . . Said notices shall be posted at least ten days prior to the date fixed for the hearing. If there be any minor child or incompetent heir of the decedent the court shall appoint a guardian ad litem for such minor child or incompetent heir, who shall appear at the hearing and represent the interest of such minor child or incompetent heir. The order or judgment of the court making the award or awards provided for in this section shall be conclusive and final, except on appeal and except for fraud. The awards in this section provided shall be in lieu of all homestead provisions of the law and of exemptions. [L. '27, p. 230, § 1; L. '17, p. 670, § 103.]" Rem. Rev. Stat., § 1473 [P. C. § 9893].

"Homestead awarded—Additional provisions. In event a homestead has been, or shall be selected in the manner provided by law, . . . it shall be the duty

of the court, . . . upon being satisfied that the value thereof does not exceed two thousand dollars ($2,000), . . . to enter a decree, upon such notice as the court may determine, setting off and awarding such homestead to the survivor, thereby vesting the title thereto in fee simple in the survivor. In addition thereto, the court, upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, shall set off and award to such survivor, other property, either separate or community, not to exceed one thousand dollars ($1,000) in value. . . . If the value of the homestead, . . . be less than two thousand dollars ($2,000), the court shall set off and award additional property, . . . in lieu of such deficiency, so that the value of the homestead, . . . when added to the value of the other property awarded, . . . shall equal three thousand dollars ($3,000). Said decree shall particularly describe the said homestead and other property so awarded, and such homestead and other property so awarded shall not be subject to further administration, and such decree shall be conclusive and final, except on appeal, and except for fraud, and such awards shall be in lieu of all further homestead rights and of all exemptions: . . . [L. '27, p. 89, § 1; L. '17, p. 671, § 104.]" Rem. Rev. Stat., § 1474 [P. C. § 9894].

"Notice of hearing—Settlement by court. It shall not be necessary for the executor or administrator to give any notice of the hearing of any report prior to the final report, except as in section 1434 provided, but the court may require notice of the hearing of any such report. If the court does not require such notice to be given, then at any time after ten days following the filing of any report, other than the final report, the court may hear and settle such report." Rem. Rev. Stat., § 1530 [P. C. § 9792].

"Final report and petition for distribution. When the estate shall be ready to be closed, such executor or administrator shall make, verify and file with the court his final report and petition for distribution. Such final report and petition shall, among other things,

show that the estate is ready to be settled, and shall show any moneys collected since the previous report, and any property which may have come into the hands of the executor or administrator since his previous report, and debts paid, and generally the condition of the estate at that time. It shall likewise set out the names and addresses, as nearly as may be, of all the legatees and devisees in the event there shall have been a will, and the names and addresses, as nearly as may be, of all the heirs, who may be entitled to share in such estate, and shall give a particular description of all the property of the estate remaining undisposed of, and shall set out such other matters as may tend to inform the court of the condition of the estate, and it may ask the court for a settlement of the estate and distribution of property and the discharge of the executor or administrator. If the executor or administrator has been discharged without having legally closed the estate, without having legally obtained an adjudication as to the heirs, or without having legally procured a decree of distribution or final settlement the court may in its discretion upon petition of any person interested, cause all such steps to be taken in such estate as were omitted or defective. [L. '17, p. 688, § 161.]" Rem. Rev. Stat., § 1531 [P. C. § 9793].

"Time and place of hearings—Notice. When such final report and petition for distribution, or either, shall have been filed, the court shall fix a day for the hearing of the same, which day must be at least twenty-five days subsequent to the day of the first publication and posting of notices of such hearing as hereinafter provided. Notice of the time and place fixed for such hearing shall be given by the executor or administrator by publishing the same at least once a week for three successive weeks preceding the time fixed for such hearing, such publication to be in such paper as the court may order, and such notice shall be posted in three public places in the county at least twenty-five days preceding the time fixed for such hearing, and which shall state in substance that a final report and petition for distribution have, or either thereof has, been filed with the clerk of the court, and that the court is asked to settle such report, distribute the property to

the heirs or persons entitled to the same, and discharge the executor or administrator, and it shall give the time and place fixed for the hearing of such final report and petition and shall be signed by the executor or administrator or the clerk of the court and be posted and published or caused to be posted and published as aforesaid. [L. '19, p. 59, § 1. Cf. L. '17, p. 689, § 162.]" Rem. Rev. Stat., § 1532 [P. C. § 9794].

"Hearing on final report—Decree of distribution. Upon the date fixed for the hearing of such final report and petition for distribution, or either thereof, or any day to which such hearing may have been adjourned by the court, if the court be satisfied that the notice of the time and place of hearing has been given as provided herein, it may proceed to the hearing aforesaid. Any person interested may file objections to the said report and petition for distribution, or may appear at the time and place fixed for the hearing thereof and present his objections thereto. The court may take such testimony as to it appears proper or necessary to determine whether the estate is ready to be settled, and whether the transactions of the executor or administrator should be approved, and to determine who are the legatees or heirs or persons entitled to have the property distributed to them, and the court shall, if it approves such report and finds the estate ready to be closed, cause to be entered a decree approving such report, find and adjudge the persons entitled to the remainder of the estate, and that all debts have been paid, and by such decree shall distribute the real and personal property to those entitled to the same. . . . [L. '21, p. 243, § 1. Cf. L. '17, p. 689, § 163.]" Rem. Rev. Stat., § 1533 [P. C. § 9795].

The required statutory notice (Rem. Rev. Stat., § 1532) was not given and there was a noncompliance with other prerequisite procedure; hence there was not a final settlement of the estate of the decedent. Appellant's remedy for collection of its claim is an action for a money judgment against the surety on the bond of the executrix (*State ex rel. Pemberton v. United*

*Pac. Cas. Co.*, 188 Wash. 304, 62 P. (2d) 729); and that is the only relief it seeks.

■■ There are two answers to the contention that the action should have been brought in superior court for Grant county, the probate forum, instead of being instituted in superior court for Chelan county: (1) As this action is upon a bond for the recovery of a money judgment, it is a transitory action; (2) if the action was commenced in the wrong county, venue to Grant county could have been changed upon respondent's motion therefor.

"If an action is brought in the wrong county, the action may nevertheless be tried therein unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits and demands that the trial be had in the proper county." Rem. Rev. Stat., § 208 [P. C. § 8542-3].

The allegation that assets of the estate in excess of ten thousand dollars were dissipated is admitted by respondent's demurrer to be true. There has not been a final settlement or order of distribution of the estate. Appellant has, it is admitted by demurrer of respondent, a claim of one thousand dollars against the estate. The demurrer should have been overruled.

The judgment is reversed and the cause remanded, with direction to overrule respondent's demurrer.

SIMPSON, C. J., STEINERT, ROBINSON, and MALLERY, JJ., concur.