[No. 30131. Department One. April 17, 1947.]

*In the Matter of the Estate of* CLARENCE A. SMALL, *Deceased.* KATHERINE G. SMALL, *Respondent,* v. EDNA BARTYZEL, *Appellant.*[1]

[1]Reported in 179 P. (2d) 505.

*Irving D. Smith,* for appellant.

*Wright, Booth & Beresford,* for respondent.

MILLARD, J.—Clarence A. Small, who died intestate August 21, 1944, in Seattle, was survived by his widow and an adult daughter, Edna Bartyzel, by a former marriage, as his only heirs at law. Letters of administration upon the estate were issued to the widow, who caused to be filed in the superior court for King county, an inventory and appraisement of property of the estate as follows:

| | |
|---|---|
| The home which was the separate property of the decedent at 5501 Kensington Place | $3,550.00 |
| Household furniture not itemized | 250.00 |
| One 1942 Studebaker automobile | 1,370.00 |
| Two Northern Pacific Railway pay checks aggregating | 247.55 |
| Total appraisement | $5,417.55 |

A supplemental inventory shows the following additional property, which the widow claimed as her individual property:

| | |
|---|---|
| Hospital benefit fund, paid | $ 73.25 |
| Benefit from Retirement Board, paid | 950.67 |
| Total | $1,023.92 |

On March 29, 1946, Katherine G. Small, as administratrix and surviving spouse, filed a petition, to which the adult daughter of decedent filed objections, praying that the court set aside from the estate an award to her, as surviving spouse in lieu of homestead, all of the real and personal property of the estate in the amount of three thousand dollars, plus the aggregate of her family allowance, expenses of last sickness and burial expenses, and the expenses of

administration in such amount as the court determined. The court reserved decision on the question relating to debts of the estate and family allowance and passed only upon the petition to set aside property of the estate in lieu of homestead to the surviving spouse.

The trial court found the household furniture to be of the value of $250 and the home to be of the value of $4,000, both at the time of decedent's death August 21, 1944, and awarded the household furniture and home property to the surviving spouse in lieu of homestead, charging her and the property in favor of the estate with an excess award of $1,250. The adult daughter of decedent appealed.

Appellant first assigns as error the failure of the trial court to find that the household furniture was of the value of $845 at the time of decedent's death, and in not finding the home property to be of the value of at least $5,000 at the time of decedent's death.

The home property consists of a six-room modern house, with three rooms and bath on the second floor and three rooms on the first floor. Appellant testified that this property, which was remodeled in 1941, was, at the time of her father's death, of the reasonable market value of $5,200. A realtor testified on behalf of appellant that the fair market value at the time of decedent's death was $5,000, and at the time of hearing on petition for award in lieu of homestead, the fair value of the property was $6,000. Another expert witness called by appellant testified that in August, 1944, she sold two properties adjoining, and of similar design and construction as the property in controversy, one for $4,750 and the other for $5,250. This realtor further testified that she could have sold decedent's home property in August, 1944, for more than $5,000, which was a fair value at that time, and that, at the time of the hearing in September, 1946, she would give $6,000 for the property on her own account. The three appraisers appointed by the court testified the value, as of the date of death of decedent, of the household furniture was $250, and of the home property was $3,550. One realtor called as a witness by respondent testified that the fair, reasonable market

value of the house in August, 1944, was $3,250, but at the time of the hearing on respondent's petition the value was "maybe around $4,500." Appellant testified that the value of the household furniture at the time of her father's death was $845.

The court refused to disturb the appraised value of $250 as to the household furniture, but increased in the amount of $450 the valuation placed on the home property by the appraisers appointed by the court. Counsel for appellant and respondent agreed that the rights of the parties were to be governed by the value of the property as of the date of the death of decedent Small. The court stated that, unless the parties so agreed, it would be uncertain what date to consider in determining the value of the property.

Counsel for respondent correctly contend that where the evidence is conflicting on a question of fact, such as the value of the property in the case at bar, we will not disturb the finding of the trial court as to such question unless the evidence clearly preponderates against the finding. In the case at bar, however, the value of the property should have been computed as of the time the petition was filed for setting aside property to the surviving spouse in lieu of homestead, which was the date the surviving spouse first asserted her claim. See *Bruner v. Hicks*, 230 Ill. 536, 82 N. E. 888, 120 Am. St. 332. We are not bound, nor should the trial court have deemed itself bound, by agreement of counsel for the parties that the value of the property should be determined as of the date of the death of decedent.

Appellant next assigns as error the setting aside of the home property to the surviving spouse when the value of that property exceeded the statutory award of three thousand dollars. Appellant contends that she, on the death of her father, became vested with a half interest in his real property, as well as his personal property, subject to the debts of the estate and expenses of administration, including reasonable family allowances.

The statute (Rem. Rev. Stat., § 1473) so far as pertinent, reads as follows:

"If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand dollars ($3,000), exclusive of any mortgage or mechanic's, laborer's or materialmen's or vendor's liens upon the property so set off, which property so set off shall include the home and household goods, if any, and such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates: . . . ."

Under the facts as recited above, it is plain the respondent is eligible to receive an award in lieu of homestead under Rem. Rev. Stat., § 1473. It is likewise clear that she does not come within the exception under Rem. Rev. Stat., § 1474, which provides that an award shall not be taken from separate property of the deceased, which is otherwise disposed of by will, where there is no minor child living as the issue or adopted child of the surviving spouse and the deceased. The decedent died intestate and his only surviving child is an adult.

In the settlement of the estate the claims should be satisfied and the estate distributed free from any liens thereon. The debts of the deceased and the expenses of administration must be paid before distribution of the personal property can be made. The personal assets must be first applied and then the realty, to the payment of the debts of the decedent. Rem. Rev. Stat., §§ 1493, 1494. *In re Binge's Estate,* 5 Wn. (2d) 446, 105 P. (2d) 689.

The fact that an award to the surviving spouse of property of the estate, either community or separate, not exceeding the value of three thousand dollars in lieu of homestead, would diminish the distributive share of the

appellant in the estate of the deceased, cannot defeat that right, which is an absolute one, not subject to such condition. We so held in *In re Welch's Estate,* 200 Wash. 686, 94 P. (2d) 758, where we stated that award statutes, such as Rem. Rev. Stat., §§ 1473 and 1474, rest in a sound public policy and are calculated to prevent dependency. We said in *In re Schiffner's Estate,* 174 Wash. 134, 24 P. (2d) 434, in referring to an award in lieu of homestead under Rem. Rev. Stat., §§ 1473 and 1474, that these allowances against the estate are created by law, and are preferred, just as other debts are preferred and are not subject to any collateral conditions.

Appellant does not contend that respondent is not entitled to an award of property not exceeding the value of three thousand dollars out of the estate. It is appellant's position that respondent may not be awarded property in lieu of homestead, if the property selected exceeds the value of three thousand dollars; that is, it was the duty of the court to award the household goods, furniture, and other property of the estate sufficient to make the maximum award of three thousand dollars provided by statute.

In *In re Jones' Estate,* 11 Wn. (2d) 254, 118 P. (2d) 951, a husband died intestate, leaving his widow and a number of brothers and sisters as his sole heirs at law. We held that the widow was entitled to receive the entire community estate, the decedent's separate personalty, and one half of his separate real estate, the remaining one half of decedent's separate real estate to descend to the brothers and sisters of the decedent.

The husband and wife in that case were occupying a tract of land under a written lease at the time of the husband's death, in which land the husband owned an undivided one-seventh interest. The surviving spouse filed petition to have her deceased husband's undivided interest in that particular tract awarded to her as part of the property to be set off to her in lieu of homestead. We held that the statute (Rem. Rev. Stat., §§ 1473, 1474) does not confer upon the surviving spouse the right to select or designate specific property as all or a portion of the award to which such spouse is entitled. The award must include the home

and the household goods, if any, but subject to that limitation, the statute simply provides that the court "shall award and set off to the surviving spouse property of the estate, either community or separate, not exceeding the value of three thousand dollars." Rem. Rev. Stat., § 1473. Under the statute, the superior court exercises its discretion in designating and awarding to the surviving spouse property of the estate, either community or separate, *up to the statutory valuation.*

In the foregoing case, we held that, as the trial court erred in failing to award to the surviving spouse the *household goods* and *furniture* as part of the award and refused to exercise its sound judicial discretion in selecting other property of the estate to make up the balance of the three thousand dollars, the order was reversed and the cause remanded, with direction to the trial court to award to the surviving spouse the *household goods* and *furniture,* and to award to the surviving spouse from the property of the estate, other property sufficient to make up the value of three thousand dollars.

■ In making the award of property in lieu of homestead, the household goods and furniture must be included in the valuation of three thousand dollars, and if the property selected by the surviving spouse in lieu of homestead exceeds the value, including the *household goods* and *furniture,* of three thousand dollars, such property may not be awarded to the surviving spouse and a lien in favor of the estate and heirs given for the amount in excess of the statutory valuation of three thousand dollars. The trial court should have awarded the household goods, furniture, and other property of the estate sufficient to bring the award to the statutory amount of three thousand dollars.

It is apparent from examination of the statute (Rem. Rev. Stat., §§ 1473, 1474) providing for award to the surviving spouse of property of the estate not exceeding the value of three thousand dollars, that it was not contemplated by the legislature that a surviving spouse could select from the estate specific property exceeding the value of three thousand dollars, the excess to constitute a lien against the

property in favor of the estate and heirs of the decedent. The statute is clear and provides that, subject to payment or provision for payment of funeral expenses, expenses of last sickness and of administration, the assets of the estate may be distributed and from such assets there may be set off to the surviving spouse property, *not exceeding* the value of three thousand dollars, in lieu of homestead, but that included in such valuation shall be the household goods. The estate may then be settled and distributed free from any liens against it. There is no provision in the statute, nor is there any language therein, which expressly or impliedly authorizes the selection by the surviving spouse of specific property of greater value than the amount fixed by statute and to have such property awarded subject to the lien in excess of the statutory amount of three thousand dollars.

The order setting aside property of a value in excess of the statutory award to the surviving spouse contravenes the statute (Rem. Rev. Stat., § 1473). In determining the value of the furniture and other property of the estate, the value should be computed as of the date of the filing of the petition for award in lieu of homestead.

The order is reversed.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and ABEL, JJ., concur.

July 2, 1947. Petition for rehearing denied.