[No. 30603. Department One. August 10, 1948.]

*In the Matter of the Estate of* MARIE E. WILLIAMS, *Deceased.*[1]

*John W. Dobson, Rummens & Griffin,* and *Kenneth P. Short,* for appellant.

*Montgomery, Montgomery & Purdue*, for respondent.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Altha P. Curry, amici curiae.*

SCHWELLENBACH, J.—This is an appeal from an order denying, with prejudice, a petition by the surviving spouse for award in lieu of homestead.

Marie E. Williams died intestate February 1, 1947, leaving surviving, her husband, Clarence S. Williams, and a minor daughter, Betty Mae Williams. By order of court, the husband was appointed administrator of the estate.

February 3, 1947, the surviving spouse filed his petition for award in lieu of homestead. The petition alleged that the estate consisted of: household furniture appraised at $500; a 1940 Ford sedan appraised at $800; lot 16, block 24, town of Renton, except the west five feet thereof, appraised at $6,500; savings account, $654.68. The petition alleged

[1]Reported in 196 P. (2d) 340.

that no claim of homestead was made by decedent prior to her death, nor by anyone on behalf of her family subsequent thereto; that the funeral expenses and expenses of the last illness had been paid, and that there were no unpaid creditors of the estate.

The petition prayed that the household furniture and 35/65ths of the home be set aside to the surviving spouse in lieu of homestead, that title thereto vest in him immediately, and that none of said property be subject to further administration.

The guardian *ad litem* of the minor child, appointed by the court, denied that the surviving spouse was entitled to have set aside to him 35/65ths of the real property or any undivided interest therein, and alleged that, if he were entitled to have any property of the estate set aside to him, it must be confined to property of the estate other than realty, consisting of the household furniture, the automobile, and the savings account.

The trial court found that the value of the property as set out in the appraisal was the fair and reasonable value at the time of filing the petition; that no homestead had been claimed, either prior or subsequent to the death of the deceased; that the funeral expenses and expenses of the last illness had been paid, and expenses of administration had been provided for. The court then found:

"The petition for the award of said property was filed herein on the 3rd day of February, 1948, and Notice of Hearing duly and lawfully given so that this proceeding is now properly before the Court for final disposition; that the Court has concluded that an award of an undivided interest in and to the real property of the estate, which is the home of the petitioner and the minor child of the decedent herein, is not proper under the laws and decisions of the State of Washington,

"Now therefore, it is by the Court hereby,

"CONSIDERED, ADJUDGED AND DECREED, that the petition for award in lieu of homestead is hereby denied and dismissed with prejudice."

The governing statute is chapter 197, Laws of 1945 (Rem. Supp. 1945, § 1473), the essential portion of which is as follows:

"If it shall be made to appear to the satisfaction of the Court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then, regardless of the date of such death and even if more than six (6) years have elapsed since such date, the Court after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of four thousand dollars ($4,000.00) exclusive of general taxes and special assessments which were liens at the time of the death of the deceased spouse and exclusive of any mortgage or mechanic's, laborer's or material men's or vendor's liens upon the property so set off, which property so set off shall include the home and household goods, if any, and such award shall be made by an order or judgment of the Court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates: . . ."

The first family-support statute appeared in the Laws of 1854, p. 279, and provided:

"Sec. 71. When a person shall die, leaving a widow and minor child or children, the widow, child, or children shall, until letters have been granted and the inventory returned, be entitled to remain in possession of the homestead, and of all the wearing apparel of the family, and of all the household furniture of the deceased, and shall also be entitled to a reasonable provision for their support, to be allowed by the probate judge.

"Sec. 72. Upon the return of the inventory, the court shall set apart for the use of the widow, minor child, or children, all the property of the estate by law exempt from execution.

"Sec. 73. If the amount, thus exempt, be insufficient for the support of the widow, and minor child or children, the probate court shall make such further reasonable allowance, out of the estate, as may be necessary for the maintenance of the family, according to their circumstances, during the

progress in the settlement of the estate, but no such allowance shall be made after one year from the granting letters testamentary or of administration.

"Sec. 74. Any allowance made by the court, in accordance with the provisions of the preceding section, shall be paid by the executor or administrator in preference to all other charges, except funeral charges, and expenses of administration.

"Sec. 75. When property shall have been set apart for the use of the family, in accordance with the provisions of this chapter, if the deceased shall have left a widow, and no minor children, such property shall be the property of the widow; if he shall have left also a minor child or children, one half to the widow, and the remainder to such child, or in equal shares to such children, if there are more than one; if there be no widow, then the whole shall belong to the minor child or children.

"Sec. 76. If on the return of the inventory of any intestate's estate, who died, leaving a widow or minor children, it shall appear that the value of the estate does not exceed three hundred dollars, the probate court shall, by decree for that purpose, assign for the use and support of the widow and minor children of the intestate, or for the support of the minor child or children, if there be no widow, the whole estate, after the payment of the funeral expenses and expenses of administration, and there shall be no further proceeding in the administration, unless further estate be discovered."

This law was amended from time to time, increasing the amounts to be allowed for the support of the family, until, in 1917, as a part of chapter 156 (Rem. Comp. Stat., § 1473) (Probate Code), the legislature, under the heading, "PROVISIONS FOR THE SUPPORT OF THE FAMILY" adopted § 103, p. 670, as follows:

"If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court, upon such notice as may be determined by the court, upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the

value of three thousand dollars ($3,000.00), exclusive of any mortgage or mechanic's, laborer's or materialmen's or vendor's liens upon the property so set off, which property so set off shall include the home and household goods, if any, and such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates. The order or judgment of the court making the award or awards provided for in this section shall be conclusive and final, except on appeal and except for fraud. The awards in this section provided shall be in lieu of all homestead provisions of the law and of exemptions."

It was evidently the purpose of the legislature to have set aside to the surviving spouse, the home and household goods, if any. No trouble was experienced in carrying out this purpose for a number of years, because the value of the home and household goods did not exceed three thousand dollars. However, in 1945, in order to meet the inflationary rise in values, the legislature, in chapter 197, raised the amount of the award to four thousand dollars. Subsequent litigation has shown that this raise was not adequate, and that in a great number of cases arising in the probate courts involving the setting aside of property in lieu of homestead, the value of the home and household goods exceeds four thousand dollars.

We are, therefore, faced with the problem of determining whether or not it is proper, under § 1473, to set aside to the surviving spouse the household goods and an undivided interest in the home, the total value of which shall amount to four thousand dollars. The guardian *ad litem* contends that there is no authority, under the act, to set aside an undivided interest in the estate. Our answer to that is that the statute does not prohibit such a procedure.

The statute says that the court shall award and set off to the surviving spouse "property of the estate, . . . not exceeding the value of four thousand dollars . . . which property so set off shall include the home and household goods, if any, . . ."

In this case, 35/65ths of the home is property of the estate. It has an ascertainable value and can be treated separate and apart from the remaining property. It is property which can be mortgaged, deeded, willed, or can descend under the descent statute. It is the only fair and practical manner in which the evident purpose of the legislature can be carried out. Its practical effect would be to give the surviving spouse 35/65ths of the home, leaving the remaining 30/65ths to be distributed, in equal shares, to the surviving spouse and to the minor child. Upon the entry of the decree of distribution, the surviving spouse would have 50/65ths and the minor child 15/65ths. Of course, the court may, at the hearing of the final report and petition for distribution, assign this 15/65ths share to the surviving spouse and require him to pay or secure to the minor child her just proportion of the value thereof. (Rem. Rev. Stat., § 1533 [P.P.C. § 192-19]).

It is suggested in the briefs that the trial court was of the opinion that it was prohibited, under our holding in *In re Small's Estate*, 27 Wn. (2d) 677, 179 P. (2d) 505, from awarding an undivided interest in the home to the surviving spouse. The only question before us in that case was whether or not the surviving spouse could have awarded to her the home, and household goods, valued at more than three thousand dollars (provided by Rem. Rev. Stat., § 1473 [P.P.C. § 205-1], at that time), and a lien given to the estate for the amount in excess of the statutory valuation. To have allowed such an award, would be setting aside property *exceeding* the statutory amount, and this could not be cured by giving the estate a lien- thereon for the excess. We held that it was not contemplated by the legislature that a surviving spouse could select from the estate property exceeding the value of three thousand dollars, *the excess to constitute a lien against the property in favor of the estate.*

However, in the case before us, the value of the property which the trial court refused to set aside did not exceed four thousand dollars and included the home and household goods. We have found that such an award is

not prohibited under the statute. From the facts and circumstances of this case, we find that an award of a 35/65ths interest in the home, together with the household goods, will best carry out the intent and purpose of the statute; that such an award is proper and should have been made.

The order appealed from is reversed, and the cause remanded to the trial court with instructions to set aside to the surviving spouse the household goods, valued at five hundred dollars, and a 35/65ths interest in the home, making the total award the sum of four thousand dollars.

. MILLARD, BEALS, SIMPSON, and HILL, JJ., concur.