[No. 38215. Department One. March 31, 1966.]

*In the Matter of the Estate of* JOSEPH ROTH, *Deceased.* CLARA V. ROTH RIORDAN, *Appellant,* v. JESSIE ROTH, *as Executrix, Respondent.*\*

*Reported in 412 P.2d 766.

*Benjamin H. Kizer,* for appellant.

*Joseph A. Simpson* and *A. O. Colburn,* for respondent.

BARNETT, J.†—This appeal is taken from a final order and decree of distribution in which an award in lieu of homestead was set aside to the surviving spouse.

Testator Joseph Roth died possessed of both separate and community property, and survived by a wife—his second—and two children. His *separate property* (save for an automobile valued at $150), he specifically devised and bequeathed to his two children, in equal shares. This separate property was comprised of certain realty and two savings accounts, and totaled some $18,900 in value. Testator's widow, Jessie Roth, was left $3,844, all personal property, as residuary legatee. $3,694 of this amount comprised the entire communty estate. The remaining $150 consisted of testator's separate property. The will also contained three general legacies, which do not concern us here.

The debts of the estate, all attributable to testator's last sickness, funeral and costs of administration, came to $3,780. During the process of administration, the widow Jessie, acting as executrix, withdrew one of testator's separate property savings accounts (specifically bequeathed to his children) and, with this fund, paid a large portion of these expenses. The children protested this withdrawal, and, upon a hearing, the court determined that Jessie had no right to pay these debts out of the specifically devised prop-

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

erty. She was ordered to replace the withdrawals. At this point, the widow Jessie filed a claim for an award in lieu of homestead, again alleging her right to apply the specific legacies to all debts and expenses. Her petition was granted. In its final order, the court set aside to her an award of $3,-844 (the residuary estate) and decreed that the debts of $3,780 were to be borne by the remaining cash assets of the estate, *i.e.*, the separate property which the testator had specifically bequeathed to his children. One of the children, Clara Roth Riordan, has prosecuted this appeal. It is her contention that the Washington statutory scheme prevents a surviving spouse from having set aside to herself an award in lieu of homestead, when this would leave, for payment of the "last expenses," only the separate property of the testator, which property had otherwise been disposed of in his will. Her position, we believe, is well taken.

RCW 11.52..010 provides:

> If it is made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, . . . then the court, after hearing and *upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for,* . . . shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of ten thousand dollars . . . . (Italics ours.)

RCW 11.52.016 contains the following limitation:

> The awards provided for in RCW 11.52.010 through 11.52.024 shall not be taken from separate property of the deceased which is otherwise disposed of by will.

Against appellant daughter's contention, respondent widow urges that neither of the foregoing statutes has been violated by the issuance of the set-aside order. First, she says, RCW 11.52.016 is not breached because the award was not "taken from separate property . . . otherwise disposed of," but was taken from the community property of the deceased, which comprised the residuary estate. Neither, argues respondent, did the award order violate RCW 11.52.010. The requirement of that statute that, as a

condition to the award, the court must be satisfied that the last expenses are "paid or provided for," does *not* mean that the *surviving spouse* must pay these debts, citing *In re Armstrong's Estate,* 33 Wn. 2d 118, 204 P.2d 500 (1949). It is respondent's position that, so long as there is *some* property in the remaining estate out of which these preferred creditors can be paid, the court can set aside an award; and that this is true even though the only remaining property out of which these debts can be satisfied is the "otherwise disposed of" separate property of the deceased.

*In re Armstrong's Estate, supra,* relied upon both by respondent and by the trial court in its memorandum opinion, is not determinative of the issue before us. There we held only that the surviving spouse, after paying the "last expenses" out of her own funds in order to satisfy the court that they had been "paid or provided for," could be reimbursed out of "available estate funds." In *Armstrong,* the deceased died intestate. There was no "separate property of the deceased . . . otherwise disposed of by will." We were not faced with considering the impact of the limitation in RCW 11.52.016 insofar as it might affect the spouse's right to have an award set aside.

We agree with appellant that, shifting the burden of the preferred charges from the community property in the residuary estate to the "separate property . . . otherwise disposed of" for the benefit of the homestead award petitioner, violates the limitation contained in RCW 11.52.016.

We first note that, by the terms of the will, the testator did not specify which assets of the estate were to be initially charged with his debts. The first clause of the will states merely:

> It is my will that my debts and the charges of my funeral be paid as soon as conveniently may be after my decease.

It is generally held that, in the absence of a testamentary provision to the contrary, property constituting the residuum of the estate is to be applied in payment of the

debts and expenses before the application of any property otherwise disposed of. 97 C.J.S. *Wills* § 1320 (1957).

RCW 11.56.160 provides:

> The estate, real and personal, given by the will to any legatees or devisees, shall be held liable for the payment of the debts, the expenses of administration and allowances to the family, in proportion to the value or amount of the several devises or legacies, if there shall not be other sufficient estate, *except that specific devices or legacies may be exempted, if it appear to the court necessary to carry into effect the intention of the testator.* (Italics ours.)

In *In re Machlied's Estate,* 60 Wn.2d 354, 358, 374 P.2d 164 (1962), we said:

> The statute provides an express exception for specified devises and legacies, whenever it appears to the court that such an exception is "necessary to carry into effect the intention of the testator." In this case, the fact that appellant received the personal property under a *general, residuary bequest* is sufficient to support the trial court's conclusion *that the debts, expenses of administration, and taxes were intended to be paid out of the personal property.* (Italics ours.)

Here, there being no testamentary provision to the contrary, it is evident that the testator intended to satisfy his creditors out of the personal residuary assets, and that the specifically devised legacies should be preserved. See, also, *In re Hickman's Estate,* 41 Wn.2d 519, 250 P.2d 524 (1952).

It being established that the $3,844 residual legacy is burdened with the debts and expenses of the estate, the crucial question becomes: Can respondent, the widow Jessie, shift the burden of these charges onto the specifically devised separate property by electing to take the residuum by way of a homestead award, rather than under the will? The answer is no.

This is not the first time this question has been answered in this jurisdiction. In *In re Caine's Estate,* 38 Wn. 2d 545, 231 P.2d 274 (1951), we had occasion to cover the same ground. There, the estate of the testatrix was comprised entirely of her separate property, of which she had

made several specific devises and bequests. A piece of realty, worth $400, together with a small savings account, remained undevised, however, and the surviving husband petitioned to have this property set aside to him as an award. The probate court granted the petition and the administratrix appealed. Reversing, we first observed that, manifestly, the petitioning husband had not shown that the costs of administration had been "paid or provided for," because it could not have been known, at the time the award was made, what the final administrative costs would be. We then held that, regardless of what the final costs would be, to allow the award to stand would be to leave only the separate, specifically devised property to pay these expenses. This, we refused to do. It was said at that time, at 553:

> Since the decree set aside to the respondent all of the undevised property of the decedent, it would seem that the expenses of administration can only be paid by selling some of the devised property. That was clearly the property the trial judge had in mind when he said to the appellant's counsel, "There is plenty of property in the estate to pay your fees," and "The appraisement is $5400 and I am setting over here $436." It seems clear that the only way the estate can raise any money to pay the expenses of administration is to sell the house and five lots which Mrs. Caine [testatrix] devised to her mother and stepfather . . . or Mrs. Caine's personal effects which she devised to her sisters . . . .
>
> In making provision in Rem. Supp. 1949, § 1473 [now RCW 11.52.010-11.52.016], for setting aside property to surviving spouses in lieu of homestead, *the legislature apparently intended to protect the rights of devisees.* Witness the proviso in the last three lines of the statute:
>
> "*Provided,* That the awards provided for in this section shall not be taken from separate property of the deceased which is otherwise disposed of by will." (Italics ours.)

We are not constrained to a different view today.

The order setting aside the award in lieu of homestead is canceled, and the cause remanded to the probate court

for proceedings not inconsistent with this opinion. Appellant is entitled to her costs on appeal.

Rosellini, C. J., Hill, Ott, and Hunter, JJ., concur.

July 25, 1966. Petition for rehearing denied.