[No. 258-41268-2.   Division Two.   April 2, 1971.]

*In the Matter of the Estate of* OLGA ERICKSON BUHAKKA, *Deceased.*

*Everal Carson,* for appellant.

*Mitchell Doumit,* for respondent.

PEARSON, J.—The case comes before us on appeal from the denial to a surviving spouse of an award in lieu of homestead. The deceased, Olga E. Buhakka, and her surviving spouse, Henry Buhakka, were married late in life, and they accumulated essentially no community property

during the course of the marriage. The deceased had, however, inherited approximately $14,800 in property from her first husband, and held this as her separate property during the second marriage. By will, she attempted to leave all this separate property to her children by the first marriage, and to disinherit her surviving spouse completely. This petition for an award in lieu of homestead followed. The second marriage and the making of the will preceded the effective date of the new probate code,[1] but the death of the testatrix occurred thereafter, on January 12, 1968.

The sole question presented here is whether former probate code provisions RCW 11.52.024 and 11.52.016, which prohibit awards in lieu of homestead from separate property otherwise disposed of by will, or whether the later enactment of RCW 11.52.010,[2] which allows the award as to the deceased's separate or community property, should be applied to this petition for an award in lieu of homestead.

■ We think that the law in effect at the time of the testatrix' death is the law that must be applied to this petition. The award in lieu of homestead is characterized as a restriction on the power of the testator to make some certain type of disposition. 4 W. Bowe and D. Parker, Page on The Law of Wills § 30.27 (1961). This type of restriction is governed by the law in effect at the time of death of the testator, according to Page. The Supreme Court of this state has followed this rule, at least by assumption. *In re Estate of Wind*, 32 Wn.2d 64, 200 P.2d 748 (1948). In that case, a similar statutory change to the one in question here had occurred after the death of the testator. The court applied the law in effect at the time of death, rather than the amended provision.

We think that the policy behind this statutory change is probably a beneficial one. Though it is a restriction on the

---

[1]July 1, 1967 (RCW 11.99.010).

[2]In addition to this statutory authorization, the new RCW 11.52.016 and RCW 11.52.024 were enacted without the prohibition on the use of separate property found in the preceding enactments.

ability to freely pass property at death, its purposes are on the whole salutory. In removing the distinction between separate and community property for purposes of the award in lieu of homestead, a small betterment in the position of the non-native spouse has occurred. Such spouses may now claim at least a part of the property accumulated outside the confines of a community property state.

Prior to this statutory change, the property was not available through a petition for award in lieu of homestead if it was otherwise disposed of, since it was, of course, characterized as separate property for purposes of Washington law. The non-native spouse could thus be effectively disinherited completely, since any common law protections which might have been accorded in the former domicile were not accorded in Washington. For a more complete discussion of this problem, *see* Gilchrist, *Washington Disinherits the Non-native Wife*, 46 Wash. L. Rev. 283 (1971).

■ We also believe that the clearly expressed intent of the legislature directs the result we reach in this case. RCW 11.99.010 directs that the title governs all proceedings in probate brought after its effective date. This probate was commenced some months after the effective date of the new probate code. Though the award in lieu of homestead is a statutory right, *In re Estate of Wind, supra,* it does not occur, nor can it be claimed until the death of the decedent. RCW 11.52.010. Since it is also true that generally no rights accrue under a will until the death of the deceased (*In re Estate of Lidston,* 32 Wn.2d 408, 202 P.2d 259 (1949)), the savings provision of RCW 11.99 .020[3] has no effect in this case. No rights had accrued under the former law which would be saved by that provision.

[3]"No act done in any proceeding commenced before this title takes effect and no accrued right shall be impaired by its provisions. When a right is acquired, extinguished or barred upon the expiration of a prescribed period of time which has commenced to run by the provisions of any statute in force before this title takes effect, such provisions shall remain in force and be deemed a part of this code with respect to such right."

For these reasons, we think the better policy and the established law point toward application of the law in effect at the time of the decedent's death. The petition for award in lieu of homestead should have been granted.

Reversed.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied May 18, 1971.

Review denied by Supreme Court June 22, 1971.