[No. 1369-42177-1.   Division One—Panel 1.   November 27, 1972.]

*In the Matter of the Estate of* JAMES W. OFFIELD, *Deceased.* VICKIE D. OFFIELD, *as Executrix, Appellant,* v. BARBARA WETTLAND, *Respondent.*

*Abbott, Curtis & Coughlin* and *James V. Abbott,* for appellant.

*Arthur G. Barnett* and *Ivan E. Merrick, Jr.,* for respondent.

HOROWITZ, C.J.—This appeal involves the validity of an order in probate proceedings setting aside certain items of separate and community property, including a one-half interest in a real estate contract, to satisfy an award in lieu of homestead and ordering the "remaining one-half interest" in the real estate contract distributed to a specific legatee under the decedent's nonintervention will.

James W. Offield died July 27, 1970. He left surviving the petitioner, Vickie D. Offield, his second wife, and Barbara Wettland, his daughter of a prior marriage. By his nonintervention will, he named his surviving widow as executrix to serve without bond. He also specifically bequeathed and devised an undivided one-half vendor's interest in a so-called Lacker real estate contract to his daughter. He then left the residue, expressly including the remaining one-half vendor's interest in the Lacker real estate contract, to his widow.

The court found that the probate estate had an actual value at the date of his death of $20,127.49. The estate consisted of an unpaid balance on the Lacker real estate contract of $18,377.49,[1] a $250 diamond ring, each of these

---

[1] The findings inadvertently place the value of the Lacker contract at date of death at $18,777.49. However, the inventoried estate valued at $20,127.49 can be correct only upon the assumption that the value is equal to the unpaid balance of $18,377.49, and that is the figure here adopted.

items being the decedent's separate property, together with a sole item of community property, namely, a Buick automobile valued at $1,500. These three items make up the residue of the estate in probate.

Vickie D. Offield, executrix and decedent's surviving spouse, filed the petition below on April 9, 1971 for an award in lieu of homestead. She asked that there be set over to her for that purpose the diamond ring, the Buick automobile, and a 8,250/14,702 interest in the decedent's vendor's interest in the Lacker real estate contract. The total value of the property sought to be set aside is $9,999.35. The daughter filed an objection to any award. After hearings and argument, but apparently without the taking of sworn testimony, the court on August 11, 1971 entered findings, conclusions, and the order from which this appeal is taken making an award in lieu of homestead. The conclusions entered by the court state that petitioner is entitled to a $10,000 award in lieu of homestead, and for purposes of the award is entitled to have set over to her the diamond ring, the Buick automobile, and a one-half vendor's interest in the Lacker real estate contract. The total value of these items, according to the findings, is $10,938.75. Neither the findings nor the conclusions contain any explanation concerning the reason for setting aside property the value of which as of the date of death exceeded the $10,000 award made. The order itself fixes no dollar amount; it sets aside the property described in the court's conclusions as the property awarded in lieu of homestead. The conclusions also state that the daughter is entitled to the "remaining one-half interest" in the Lacker contract. There is no computation of the amount representing the remaining one-half interest. The order then makes an award to the daughter of the "remaining one-half interest" of that contract.

Vickie D. Offield, as executrix, appeals from the order thus entered. She first assigns error to finding No. 5 fixing the value of the decedent's interest in the Lacker contract on the date of death at $18,777.49, and fixing the actual value of the inventoried estate at $20,127.49. She contends

that the value of the inventoried estate found by the court should be substantially reduced so as to include the decedent's interest in the Lacker contract not at $18,777.49, but $14,702.01, the amount at which it was appraised in the estate by the court-appointed appraiser.

■ We uphold the validity of the challenged finding as meaning that the value of decedent's interest in the Lacker contract as of date of death is the sum of $18,377.40 (see footnote 1). We do so because no statement of facts has been filed from which we can determine that the challenged finding is unsupported by substantial evidence. CAROA 34-37. *Gaupholm v. Aurora Office Bldgs., Inc.,* 2 Wn. App. 256, 467 P.2d 628 (1970). *Cf.. State ex rel. O'Connell v. PUD No. 1,* 2 Wn. App. 366, 469 P.2d 922 (1970); *Sinclair v. Betlach,* 1 Wn. App. 1033, 467 P.2d 344 (1970).

■ In passing on the petition for an award in lieu of homestead, the court is not bound by the earlier appraisement of the court-appointed appraiser. The court has the responsibility for determining the actual value of the vendor's interest in the Lacker contract on the basis of the showing made before him. *See In re Estate of Orosco,* 60 Ariz. 266, 135 P.2d 217 (1943). The findings recite that the court "read and considered the record and memoranda offered by counsel, heard arguments and filed a written memorandum opinion." Without a statement of facts as required by CAROA 34-37, we cannot know in the manner in which such knowledge must come to our attention, what "records and memoranda" and "arguments" the court considered, and what statements or admissions of fact may have been made in any of these. Resort to the transcript as a substitute for a statement of facts is not proper. Furthermore, it is apparent from the transcript here that not all matters covered in the findings are covered in the transcript. Thus, the transcript contains no copy of the Lacker contract, the provisions of which, together with its payment history and together with the fact of the actual or presumptive solvency of the purchaser, may well have been

included in the record and memoranda and arguments on the basis of which the court determined that the actual value of the contract was a sum equal to the balance owing.

Accordingly, we reject the fractional interest proposal made by the executrix below and repeated on appeal because of the findings of value which we accept. This does not mean, however, that the conclusions on the basis of the findings setting aside $10,938.75 worth of property to the payment of the $10,000 award in lieu of homestead were proper. *See In re Estate of Small*, 27 Wn.2d 677, 179 P.2d 505 (1947), overruled on other points by *Cody v. Herberger*, 60 Wn.2d 48, 371 P.2d 626 (1962). The executrix, neither below nor on appeal, claims that her award in lieu of homestead entitled her to more than $10,000 worth of property. The court must make the selection of the property to satisfy the award in the amount fixed. *In re Estate of Jones*, 11 Wn.2d 254, 118 P.2d 951 (1941). In doing so, the court may properly award a fractional interest in an item of property set aside for purposes of the award in an amount no greater than that needed to satisfy the amount awarded. *In re Estate of Williams*, 31 Wn.2d 303, 196 P.2d 340 (1948); *In re Estate of Small, supra; In re Estate of Trierweiler*, 5 Wn. App. 17, 486 P.2d 314 (1971). Because we later remand this cause for further proceedings, the nature and amount of property to be set aside to satisfy the $10,000 award made will be a matter for the trial court's determination on remand.

Petitioner then contends that the conclusions and order based thereon erroneously provide for the distribution of the "remaining one-half interest" in the Lacker contract to the daughter, Barbara Wettland. She argues that further proceedings are required before the daughter becomes entitled to any distributive share of the estate and, in effect, further argues that such proceedings are necessary to determine the amount of her distributive share. We agree with the petitioner because of the rules in probate proceedings next considered dealing with the required order of

payment of administration expenses, creditors' claims, and an award in lieu of homestead.

In Washington, in the absence of an express or implied provision in the will to the contrary, expenses of administration, to the extent payable by an estate, are a first charge upon probate assets. RCW 11.56.160; *In re Estate of Roth*, 68 Wn.2d 297, 412 P.2d 766 (1966). *See* RCW 11.40.010, .020, .030, .040; *Graham v. Radford*, 71 Wn.2d 752, 431 P.2d 193 (1967); *In re Estate of Dorey*, 62 Wn.2d 152, 381 P.2d 626 (1963). Timely filed and affidavit-supported claims payable from the probate estate are a second charge against the estate, and such claims are payable in the order fixed by RCW 11.76.110, with two exceptions noted in the margin[2]. Under RCW 11.76.110, except possibly for funeral expenses, timely filed and affidavit-supported claims are payable in the order named in the statute. However, if costs of administration, funeral expenses and expenses of last sickness have been paid or provided for, even if other creditor's claims required to be timely filed are neither paid nor provided for, the court on petition pursuant to RCW 11.52.010 "shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of fifteen thousand dollars at the

---

[2]The first exception is that stated in *In re Estate of Shoptaw*, 54 Wn.2d 602, 343 P.2d 740 (1959). That case held that by virtue of 31 U.S.C.A. § 191, debts due to the United States were required to be paid ahead of expenses of last illness of the decedent notwithstanding RCW 11.76.110. The second exception deals with the necessity of filing a creditor's claim for funeral expenses so as to permit reimbursement in the order specified in RCW 11.76.110. Prior to the enactment of RCW 11.40.010 and 11.40.080, funeral expenses were reimbursable only if there was a creditor's claim filed therefor. *Hennessey Funeral Home, Inc. v. Dean*, 64 Wn.2d 985, 395 P.2d 493 (1964). As a result of the 1965 amendments to RCW 11.40.010 and 11.40.080, it has been suggested that funeral expenses are reimbursable even though a timely filed and affidavit-supported creditor's claim has not been filed. *See* J. Steincipher, *Washington Probate Practice & Procedure* 243, 245, 261 (1966). The questions involved in this appeal, as presented by the parties, involve neither of these exceptions, although on remand the second exception may have application. Pending a ruling of the trial court on the matter, we leave that question open.

time of death," but subject to reduction or denial if the conditions set out in RCW 11.52.012 are met. The award is valid even though it may have the effect of reducing the distributive shares of an estate beneficiary or beneficiaries. Distributive shares are subject to the payment of the award. *In re Estate of Poli,* 27 Wn.2d 670, 179 P.2d 704 (1947).

RCW 11.52.010 does not require, before the award is made, that there be actual payment of funeral expenses, expenses of last sickness and of administration. It is enough if these items are "provided for." *In re Estate of Armstrong,* 33 Wn.2d 118, 204 P.2d 500 (1949). *See In re Estate of Caine,* 38 Wn.2d 545, 231 P.2d 274 (1951). By permitting an item to be provided for, it becomes possible to make an award in lieu of homestead prior to the time that the estate is ready to be closed. *Stell Co. v. Smith,* 16 Wn.2d 388, 133 P.2d 811 (1943). After the award is made, it is necessary to pay the administration expenses provided for, not only because the award is subject to provision for payment of such expenses, but because administration expenses are a first charge against the estate. However, in the case of creditor's claims required to be filed by RCW 11.40.010 (but no longer for funeral expenses, RCW 11.40.080), the probate code requires that such claims be embodied in timely filed and affidavit-supported form before payment can be required. RCW 11.40.010-.040; *see In re Estate of Dorey, supra.* RCW 11.52.010 does not require that the funeral expenses and expenses of last sickness be paid out of the probate estate. It is enough that they are paid, whether from probate assets or otherwise. Thus, if the expenses of last illness are paid by the surviving wife, she must file a creditor's claim for reimbursement in order to be repaid. *In re Estate of Dorey, supra.*

Expenses of administration and timely filed and affidavit-supported claims payable by the probate estate must be paid out of the residuary estate to the extent it is available for that purpose. *In re Estate of Roth, supra.* If, however, the residuary estate is insufficient for that purpose, the

deficiency must be made good out of other estate assets even though specifically devised and bequeathed. RCW 11.56.160; *In re Estate of Roth, supra. See In re Estate of Buhakka,* 4 Wn. App. 601, 484 P.2d 463 (1971); *In re Estate of Eberle,* 4 Wn. App. 638, 484 P.2d 478 (1971).

The deficiency arising in the residuary estate as a result of the burden of payment required therefrom may be reduced. Probate proceedings are for the benefit of the decedent's separate property and for the whole community property of both spouses. Creditor's claims may be separate or community in character. As a result, in computing the share of expenses, debts and award in lieu of homestead payable out of the decedent's share of the estate, it is necessary to make an allocation of expenses, community debts and award as between the separate and community estate of decedent and as between the community estate of the decedent and the community estate of the surviving wife. The community estate of the surviving wife, in order to bear its fair share of expenses of administration, of community debts, and of the award in lieu of homestead taken from community property, must be charged with and, if necessary, absorbed by items chargeable to the survivor's community share. The surviving wife's community interest may be deemed to benefit from the administration expenses to the extent of one-half, and that interest may be chargeable therefor, or the obligation to pay community debts may be charged one-half to the survivor's share. *In re Estate of Schoenfeld,* 56 Wn.2d 197, 351 P.2d 935 (1960); *United States v. Stapf,* 309 F.2d 592 (5th Cir. 1962); *Estate of Lang v. Commissioner* 97 F.2d 867 (9th Cir. 1938). In the case of an award in lieu of homestead in which community property is set aside for that purpose, the survivor's community interest in the community property so set aside must be charged with its one-half share of that community asset. *See* R. Fletcher, *Adapting the Uniform Probate Code to Washington Marital Law,* 7 Gonzaga L. Rev. 261, 279 (1972). If, therefore, the survivor's community interest is used up in the payment of the items charged to that share,

the deficiency required to be met out of the decedent's share of the residuary estate is accordingly reduced. It would follow, so far as the deficiency is payable out of specifically bequeathed or devised estate property, that the deficiency will be correspondingly reduced.

It is thus seen that an award in lieu of homestead does not necessarily result in the closing of an estate. If the estate is small enough, no further administration may be required. RCW 11.52.050; *In re Estate of Binge,* 5 Wn.2d 446, 105 P.2d 689 (1940). If, however, the assets in the estate have a value in excess of those needed to permit the closing under RCW 11.52.050, then, although no further administration is required as to the items properly set aside for purposes of the award in lieu of homestead, further administration is required in the usual course as to the remaining items of estate property. RCW 11.52.012; *see Stell Co. v. Smith, supra.*

In the instant case the property set aside to satisfy the award in lieu of homestead apparently exceeds the amount of the award by $938.75. In the absence of a statement of facts, we are unable to determine the reason for setting aside property in excess of the sum awarded in lieu of homestead. The excess sum, so far as it goes, is available to pay administration expenses and timely filed and affidavit-supported creditor's claims to the extent that such claims are required in order to receive reimbursement. If the residuary estate is insufficient to pay the sums payable therefrom in accordance with the principles hereinabove stated, then the deficiency must be made good out of the daughter's share specifically payable to her under the terms of the decedent's will. RCW 11.56.160. *See also In re Estate of Roth, supra.*

The award here orders the distribution of the "remaining one-half interest" in the Lacker contract to the daughter. If that language means that the one-half interest is ordered distributed before payment of the amounts that come ahead of payment of the daughter's distributable share, then the order is clearly premature. *In re Estate of Churchill,* 157

Wash. 640, 290 P.2d 218 (1930). If, however, the quoted language means that what is ordered distributed is the amount remaining after paying amounts payable prior to payment of the one-half interest in the Lacker contract, then the amount of the distribution is not fixed because the amounts payable prior to the distribution have not been determined. As a result, the executrix is unable to determine the amount distributable to the daughter, and the daughter has not had an opportunity to be heard on the extent to which her distributive share must be invaded. There being additional estate matters to be resolved before the estate is closed and distribution made, it is appropriate to remand the case for further proceedings consistent with this opinion. *See Stell Co. v. Smith, supra.*

The order appealed from is reversed with directions to (1) delete from the order the provision directing distribution at this time of the "remaining one-half interest" in the Lacker contract to Barbara Wettland, and (2) ordering the executrix to continue the administration of the estate until the estate is closed. The court is further directed to determine how the $10,000 award in lieu of homestead should be satisfied from the property set aside so as not to exceed in value the $10,000 amount of the award in lieu of homestead fixed by the court.

WILLIAMS and CALLOW, JJ., concur.