[No. 30728. Department Two. January 27, 1949.]

*In the Matter of the Estate of* RICE A. COOPER, *Deceased.*
FANNIE B. COOPER, *Respondent and Cross-appellant,* v.
ALBERT R. COOPER *et al., Appellants.*[1]

[1] Reported in 202 P. (2d) 439.

*Frederick Paul* and *Oscar A. Zabel,* for appellants.

*Ernest B. Herald,* for respondent and cross-appellant.

GRADY, J.—This proceeding is based upon a petition filed by the surviving widow of Rice A. Cooper, deceased, praying that there be awarded to her certain described real estate claimed by her to have been the homestead of the decedent and herself. The adult children of the decedent by a former marriage filed an answer to the petition of Mrs. Cooper challenging the jurisdiction of the court to make the award claimed, to which reply was made.

A hearing was had before the court, and an order was made awarding to the petitioner the northerly one half of the real estate claimed as a homestead. The objecting devisees of the decedent have taken an appeal from the order, and Fannie B. Cooper, the petitioner, has taken a cross-appeal from such order. The objectors will be referred to as appellants and the surviving widow as respondent, though she is also a cross-appellant.

Prior to the marriage of Rice A. Cooper and Fannie B. Cooper in February, 1902, he had acquired the northerly thirty feet of lot 16, block 12 of East Park Addition to the city of Seattle. In 1903, Mr. and Mrs. Cooper built a seven-room dwelling house on the property, which they occupied intermittently as their home with three children of Mr. Cooper by a former marriage and a child born to them, and continuously since 1921. In about 1940, the dwelling house was remodelled and made into a duplex. Mr. and Mrs. Cooper occupied one of the apartments as their place of

dwelling and rented the other apartment, and such was the situation at the time of Mr. Cooper's death in October, 1947.

On August 13, 1929, Rice A. Cooper filed in the office of the auditor of King county a declaration of homestead upon the real estate above described, and such was its status when he died.

On June 12, 1940, Mr. Cooper made a will in which he declared the real estate to be his separate property and specifically devised all of it to his two sons, Frank E. Cooper and Albert Cooper, and his daughter, Bertha Emmirson, they being the children of his first marriage. All of the rest of the estate he bequeathed and devised generally to his wife, Fannie B. Cooper, and their daughter, Margaret Morris, share and share alike. The will of Mr. Cooper was admitted to probate on November 14, 1947. The property above described was appraised in the sum of forty-five hundred dollars, the land at three thousand dollars, and the improvements fifteen hundred dollars.

On January 15, 1948, Fannie B. Cooper petitioned the court to set aside and award to her the homestead, consisting of all of the northerly thirty feet of lot 16, alleging it to be of the appraised value of less than four thousand dollars. The answer of the appellants tendered the following issues of law and fact: (a) that the total appraised value of the real estate in question was forty-five hundred dollars, and therefore the court was without jurisdiction to award the land without the improvements, and was also without jurisdiction to award the land with the improvements, as the appraised value was in excess of the sum authorized by statute to be awarded as a homestead to a surviving spouse; (b) that the property sought to be awarded was not the dwelling house of the respondent; (c) that the property sought to be awarded as a homestead is and always has been a duplex, one half of which for more than ten years past had been rented to tenants as their dwelling house; (d) that since two days after the death of the decedent the whole property has been rented to tenants and the same has been abandoned by respondent as a homestead; and (e) that respondent has elected to take under the will

and not to take her homestead, if she has any. However, the questions urged by appellants in their brief in support of their assignments of error are those with reference to the claimed election made by respondent to renounce her homestead and to accept her half of the residuum of the estate and the claim that, the homestead being of a value in excess of four thousand dollars, no award of it can be made; and it is to those two questions this opinion will be directed.

The appellants urge that the respondent, by the terms of the will, was put to her election whether she would take that portion of the testator's estate bequeathed and devised to her or claim an award and set-off of a homestead; and that, by offering the will for probate and affirmatively demanding her half share of the residuum, she has elected to renounce her homestead and accept merely her one half of such residuum.

The doctrine of election as pronounced by this court finds frequent expression in those cases where a testator husband in his will gave specific property, in which his wife had an interest and over which he had no testamentary disposition, to some other person and gave to her in lieu thereof property over which he had complete testamentary disposition, with the intention that his wife surrender a right she had in exchange for such bequest or devise. *Lewis v. Lichty*, 3 Wash. 213, 28 Pac. 356, 28 Am. St. 25; *Herrick v. Miller*, 69 Wash. 456, 125 Pac. 974; *Collins v. Collins*, 152 Wash. 499, 278 Pac. 186; *Tacoma Sav. & Loan Ass'n v. Nadham*, 14 Wn. (2d) 576, 128 P. (2d) 982.

An essential element of the doctrine of election is that the testator clearly and unmistakably intended to dispose of property which was in fact not his own and was not within his power of disposition.

In his will, Mr. Cooper specifically declared that lot 16, block 12 of East Park Addition to Seattle was his separate property. Such a declaration on the part of a testator is of no effect if it is not factually or legally true or correct, but it is to be given consideration by the court when the question of his intention is involved.

It will thus be seen from that which is now before us that the doctrine of election can have no application, because Mr. Cooper did not intend to devise away from his wife property in which she had any interest, as he believed he was devising his separate property, over which he would have testamentary disposition; and also because that which he devised to his wife was, presumably at least, her one half of their community over which he did not have testamentary disposition.

The remaining questions to be considered are whether there can be an award of the homestead, or any part thereof, to the surviving spouse; and, if so, whether such award be limited to the northerly one half of the duplex and the part of the land upon which it is located, as was awarded by the court. The controlling statute is Rem. Supp. 1945, § 1474, which, so far as is applicable, is as follows:

"In event a homestead has been, or shall be selected in the manner provided by law, whether the selection of such homestead result in vesting the complete or partial title in the survivor, it shall be the duty of the Court, upon petition of any person interested, and upon being satisfied that the value thereof does not exceed four thousand dollars ($4,000.00), exclusive of general taxes and special assessments which were liens at the time of the death of the deceased and exclusive of mortgages, mechanic's, laborer's, materialmen's or vendor's liens thereon, to enter a decree, upon such notice as the Court may determine, setting off and awarding such homestead to the survivor, thereby vesting the title thereto in fee simple in the survivor. If the value of the homestead, exclusive of all such liens, be less than four thousand dollars ($4,000.00), the Court, upon such notice as the Court may determine, setting off last sickness and of administration, have been paid or provided for, shall set off and award additional property, either separate or community, in lieu of such deficiency, so that the value of the homestead, exclusive of all such liens, when added to the value of the other property awarded, exclusive of all such liens, shall equal four thousand dollars ($4,000.00)."

The problem that has perplexed those administering estates has been with reference to applying the statute in

those cases where the homestead exceeded the sum of four thousand dollars in value. A similar question was brought to this court in the case of *In re Williams' Estate*, 31 Wn. (2d) 303, 196 P. (2d) 340. In that case, no homestead had been declared. The decedent and her surviving husband at the time of his death owned household goods and a home. The surviving husband petitioned the court to set aside to him the household goods and the home to the extent of 35/65ths thereof. The court, at the hearing on the petition, found that the value of the home as of the date of the filing of such petition was sixty-five hundred dollars and the household goods the value of five hundred dollars. The petition invoked Rem. Supp. 1945, § 1473, the applicable part being as follows:

"If it shall be made to appear to the satisfaction of the Court that no homestead has been claimed in the manner provided by law . . . the Court . . . shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of four thousand dollars ($4,000.00) . . . which property so set off shall include the home and household goods, if any . . . "

In considering the question presented by the petition, we reviewed prior statutes relating to property of estates authorized to be set off and awarded to surviving spouses and reached the conclusion that, even though the combined value of the home and household goods exceeded the value of four thousand dollars, there was nothing in the statute prohibiting the court from awarding to a surviving spouse the household goods and, if their value was less than four thousand dollars, adding thereto an undivided interest in the home to an extent that would make a total award in value of four thousand dollars. In that case, the value of the household goods was found to be five hundred dollars, so in order to make an award of the home as the statute directed, such award could not exceed 35/65ths of the sum of sixty-five hundred dollars, the value of the home as found by the court.

■■ The respondent claims there should be set aside and awarded to her an undivided 8/9ths of the homestead valued at forty-five hundred dollars, which would make an award of four thousand dollars in value, instead of the northerly one-half portion of the duplex and land upon which it rests and where the decedent and herself were residing at the time of his death, and urges that the nature or extent of the homestead would not in any way be affected by the fact that the home upon which the declaration of homestead was filed was later converted into a duplex and that the actual dwelling place after the children had grown up was reduced to the northerly apartment thereof. We think both of these claims should be sustained, and that the trial court erred in limiting the award to one half of the duplex and land.

We are of the opinion that, upon petition for an award and set-off of a homestead pursuant to Rem. Supp. 1945, § 1474, if such homestead exceeds in value the sum of four thousand dollars, the court must award and set off an undivided fractional part thereof to the extent in value of four thousand dollars.

In fairness to the trial judge, let it be said that, when the award was made, the case we are now following had not been decided by this court.

The judgment is modified to the extent that the order of award and set-off of the homestead shall be an undivided 8/9ths of the northerly thirty feet of lot 16, block 12 of East Park Addition to the city of Seattle, and for that purpose the case is remanded to the trial court for the entry of such an order.

JEFFERS, C. J., ROBINSON, SIMPSON, and SCHWELLENBACH, JJ., concur.